Henry A. Platt (SBN: 142304)
henry.platt@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006-3434
Tel: (202) 342-3447
Fax: (202) 337-6065

*Attorney for Defendant California Lutheran University*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

DEBBY DAY; DE ANN YOUNG; JASON GLUCKMAN; JANE DOES 1–24,

Plaintiffs,

v.

CALIFORNIA LUTHERAN UNIVERSITY; CHRIS KIMBALL; MELISSA MAXWELL-DOHERTY; JIM MCHUGH; and ROES 1 through 200, inclusive,

Defendants.

CASE NO. 8:21-cv-1286

**DEFENDANT CALIFORNIA LUTHERAN UNIVERSITY'S STATEMENT OF INTEREST IN RESPONSE TO ORDER TO SHOW CAUSE (DOC. NO. 20)**

The Hon. Josephine L. Staton

**INTRODUCTION**

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a complaint within 90 days of filing. If a plaintiff fails to serve the Complaint within the 90-day period, a plaintiff must show good cause to avoid dismissal without prejudice. In order to extend their time to serve following the expiration of the 90-day period without service, a plaintiff must demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiffs filed their Complaint on July 29, 2021, so their deadline for service was October 27, 2021. Plaintiffs are unable to demonstrate that they attempted to serve Defendant California Lutheran University (the "University") until October 29,

2021, despite the fact that the University's campus has been open and operating throughout the pandemic. And as of the date of this filing, Plaintiffs do not appear to have attempted any service at all on Defendants Chris Kimball, Melissa Maxwell-Doherty, or Jim McHugh, nor have they contacted known counsel for the University to request a waiver of service. Plaintiffs did not ask for an enlargement of time to serve prior to the expiration of the 90-day period.

On October 29, 2021, this Court entered a show cause order as to why this case should not be dismissed for failure to prosecute under Rule 4(m). Only after that show cause order was issued did Plaintiffs attempt service.[1] Because Plaintiffs can demonstrate neither good cause nor excusable neglect for their failure to serve Defendants in a timely manner, dismissal is warranted as to all Defendants.

**STATEMENT OF RELEVANT FACTS**

Plaintiffs filed a thirteen-count Complaint on July 29, 2021. The Complaint centers around a racially-insensitive performance given by members of the California Lutheran University's softball team during the 2019-2020 academic year. (Doc. No. 1). Coaches of the softball team have also asserted employment claims against the University. Plaintiffs cannot demonstrate that in the 90 days following the filing of the Complaint they made any attempts at service or contacted known counsel for Defendants.

---

[1] Plaintiffs' attempted service on California Lutheran University on October 29, 2021 was not effective because it was not made on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for the University. Fed. R. Civ. P. 4(h). Whether service was otherwise proper, however, is immaterial for present purposes because the service attempt was past the 90-day time limit and therefore service was improper.

In the event the Court does not dismiss Plaintiffs' complaint as a result of the show cause order, and Plaintiffs purport to file an affidavit of service, the University intends to meet and confer with Plaintiff and, if necessary, file a motion to quash any such service and move formally for dismissal.

After the 90-day time period to serve Defendants pursuant to Rule 4(m) lapsed, this Court issued an Order to Show Cause regarding Dismissal for Lack of Prosecution. (Doc. No. 20). The show cause order requires Plaintiffs to provide a response by November 5, 2021. While the Order to Show Cause articulates that the filing of proof of service of summons and complaint by November 5, 2021 may be an appropriate response, the Order also provides that "[t]he Court ***may dismiss*** the action prior to the expiration of [November 5, 2021], [] ***if plaintiffs have not diligently prosecuted the action***." (*Id.*) (emphasis added). *See also* Initial Standing Order § 2 (Doc. No. 17) ("Although Fed. R. Civ. P. 4(m) allows 90 days for service of the summons and complaint, the Court expects service to be effectuated more promptly.").

**STATEMENT OF INTEREST**

Because Plaintiffs have not acted diligently in serving, or attempting to serve, any defendant prior to the 90-day deadline set by Rule 4(m), this case should be dismissed.

***Failure to Attempt Service Warrants Dismissal***

The only exception to the 90-day service rule is a showing of "good cause" for the failure to serve within the requisite time period. "The burden of establishing good cause is on the plaintiff [and] 'good cause' exception to Rule 4(m) applies 'only in limited circumstances' and is not satisfied by 'inadvertent error or ignorance of the governing rules.'" *Menna v. Radmanesh*, No. CV 13-501-R MAN, 2013 WL 3071054, at *1 (C.D. Cal. June 18, 2013) (internal citation omitted) (dismissing action without prejudice due to failure to comply with Rule 4(m)).

Establishing good cause to avoid dismissal under Rule 4(m) is frequently described as "difficult" and "[i]gnorance of the rule and its requirements . . . do not constitute good cause[.]" *In re Waldner*, 183 B.R. 879, 882 (B.A.P. 9th Cir. 1995); *see also A.S.M. V. v. Cty. of Los Angeles*, No. 2:19-CV-06158-SB-PLA, 2021 WL

816479, at *2 (C.D. Cal. Jan. 11, 2021) (dismissing under Rule 4(m) where "Plaintiffs make no legitimate excuse for their failure to timely serve Defendants. Though the danger of prejudice to Defendants is slight and the actual delay short, the Court cannot find good cause[.]").

Because Plaintiffs did not seek an enlargement of the time to serve prior to the expiration of the allotted 90 days, they must also demonstrate excusable neglect in order to warrant more time to serve the Complaint. Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs cannot demonstrate good cause or excusable neglect here. Plaintiffs' counsel neither attempted service nor contacted known counsel for the California Lutheran University to request a waiver of service during the 90-day period.

The Ninth Circuit has repeatedly held that district courts do not abuse their discretion in dismissing actions for untimely service under Rule 4. *Townsel v. Cty. of Contra Costa*, 820 F.2d 319 (9th Cir. 1987), is particularly instructive. In *Townsel*, the Ninth Circuit affirmed the district court's dismissal of an action where the plaintiff failed to attempt service during the requisite time period after filing the complaint. *Id.* at 320. The plaintiff argued that "because the statute of limitations had run and the dismissal for untimely service was therefore effectively with prejudice" the district court's dismissal amounted to an abuse of discretion. *Id.* at 321. Rejecting plaintiff's argument, the Ninth Circuit referred to Congress' purpose in enacting the time limit in order to encourage diligent prosecution of lawsuits. *Id.*

The Ninth Circuit came to the same conclusion in *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir. 1985). In *Wei*, the plaintiff did not attempt to serve any of the defendants within the required time period, nor could he show that he was prevented from effectuating service within the time limit by factors beyond his control. *Id.* at 371-72. Although the dismissal without prejudice had the effect of time-barring the plaintiff's Title VII claim, the Ninth Circuit nonetheless affirmed the dismissal. *Id.*; *see also Guerrero v. Baca*, 154 F. App'x 601 (9th Cir. 2005) ("[plaintiff] contends

that the dismissal of his action pursuant to Fed. R. Civ. P. 4(m) was an abuse of discretion because the statute of limitations had run and the dismissal was thus effectively with prejudice. . . . [however] we cannot conclude that the district court abused its discretion even though the effect of the dismissal was to bar [plaintiff's] claim."). For the same reasons that the district courts dismissed the claims in *Townsel* and *Wei* – and the Ninth Circuit affirmed them – this Court should dismiss Plaintiffs' claims here.

It is worth underscoring that this is not a case where plaintiffs diligently pursued service and merely failed to file the proof of service, or were unable to locate a defendant after a diligent search and several unsuccessful attempts. In such cases, courts have sometimes concluded that more time, not dismissal, is equitable under Rule 4(m). *See e.g.*, *Buendia v. Boulet*, No. 819-cv-01442-JLS-DFM, 2021 WL 3417639, at *2 (C.D. Cal. June 1, 2021) (granting more time to effectuate service where co-defendants were timely served, parties took steps to preserve evidence and participated in discovery, and plaintiff made "several attempts" to serve defendant).[2] Because Plaintiffs in this case can make no such showing, dismissal of the action – not more time – is warranted.

**CONCLUSION**

The Court should dismiss the action against all Defendants without prejudice pursuant to Fed. R. Civ. P. 4(m).

---

[2] The Comments to the 2015 Amendment to Fed. R. Civ. P. 4(m) provide the following examples of occasions that may warrant an extension of time as guidance: "when a request to waive service fails, a defendant is difficult to serve, or a marshal is to make service in an in forma pauperis action." Notably, none of those situations are implicated in this case.

Dated: November 2, 2021

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Henry A. Platt*
Henry A. Platt

*Attorney for Defendant California Lutheran University*