**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq. SBN 189751
msaltz@jrsnd.com
Elana R. Levine, Esq. SBN 234155
lani@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA 90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Plaintiffs

**Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBBY DAY; DE ANN YOUNG; JASON GLUCKMAN; JANE DOES 1-24,<br><br>Plaintiffs,<br>v.<br><br>CALIFORNIA LUTHERAN UNIVERSITY; CHRIS KIMBALL; MELISSA MAXWELL-DOHERTY; JIM MCHUGH; and ROES 1 through 200, inclusive,<br><br>Defendants. | Case No.: 8:21-cv-01286<br><br>**DECLARATION OF ELANA R. LEVINE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: July 8, 2022<br>Time: 10:30 a.m.<br>Courtroom: 8A<br><br>The Hon. Josephine L. Staton |

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

# DECLARATION OF ELANA R. LEVINE

I, Elana R. Levine, hereby declare:

1. I am a licensed attorney in the State of California and am Senior Counsel at the law firm of Jacobson, Russell, Saltz, Nassim & de la Torre LLP. I am counsel for Plaintiffs in this action. I am over the age of 18. I have personal knowledge of the matters set forth in this declaration and if called as a witness, I could and would competently testify to these facts under oath.

2. I have been licensed to practice law since 2004. My practice has been largely focused on the litigation of employment issues. Over the course of my career, I have represented employees in cases ranging from individual actions, multi-plaintiff employee actions, representative, and/or class actions.

3. On or about July 29, 2021, Plaintiffs filed the above-entitled action.

4. Prior Counsel for California Lutheran University, Natasha Baker informed my firm prior to the filing of this lawsuit that she would not be litigation counsel. At the time of the filing of this lawsuit, I did not know which law firm, if any, was representing any of the then-named Defendants.

5. Though Defendants had notice of the filing of the lawsuit, spoke to the media regarding the lawsuit, and had already hired counsel to defend against it, at no time did any Defense counsel reach out to any of Plaintiffs' counsel within 90 days of the original filing of this action to otherwise introduce themselves or attempt to comply with their duty under Rule 4(d) by offering to accept service on behalf of all of their clients, and otherwise relieve their individual clients of the burden of being tracked by process servers.

6. It was my understanding that lead counsel for Plaintiffs, Michael J. Saltz, partner at my firm, was overseeing service of Defendants after the filing of the original complaint. In or around September 2021, Mr. Saltz's wife was diagnosed with breast cancer. He immediately took a temporary leave of absence and was largely unavailable at that time.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

7. Because I was under the impression that Mr. Saltz had made arrangements for service of the Summons and Complaint prior to taking a leave of absence, I did not know to follow up with the attorney service during the time he was on leave.

8. When I realized in October 2021 that service had not yet been effectuated, I contacted our firm's attorney service and instructed them to serve the then-operative Summons and Complaint and accompanying documents upon Defendants: 1) California Lutheran University; 2) Chris Kimball; 3) Melissa Maxwell-Doherty; and 4) Jim McHugh. I requested that the process server ask whomever they find at California Lutheran University that is authorized to accept service if they would also be authorized to accept service for the individual Defendants, as all of said individual Defendants are or were employees of California Lutheran University. I told the process server that, if the person authorized to accept service at California Lutheran University would not accept service for any of the individual Defendants, he should advise me as soon as possible so that I could provide alternative addresses for the individual Defendants at which service may be attempted. At no time did I instruct that the process server must leave or "drop" documents with anyone, nor did I indicate that the process server could not return on another day.

9. Defendants have not claimed that they suffered any prejudice as a result of the attorney service completing their task of serving all Defendants within 92 days. In fact, Defendant California Lutheran University had retained defense counsel, Henry A. Platt of SAUL EWING ARNSTEIN & LEHR LLP before Plaintiffs filed their initial proofs of service, Docket Numbers 24-27. This is confirmed by California Lutheran University's Statement of Interest, which was filed on November 2, 2021, Docket Number 22, which was neither ordered, nor requested by this Court.

10. It is also worth noting that because Defense Counsel made no attempt to contact either me or any member of my firm at any time to indicate that they were willing to accept service on behalf of their clients of the original complaint or the First Amended Complaint ("FAC"), and continued to challenge the propriety of service, there was

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

additional expense incurred by Plaintiffs to complete service of process. Additionally, Defense Counsel did not indicate that they were willing to accept service of new defendant Karin Grennan, an employee of California Lutheran University.

11. I have reviewed the declaration of Karen Davis, submitted in conjunction with Defendants' Motion to Dismiss. Ms. Davis states in her declaration that, to her knowledge, Plaintiffs "made no attempt to contact known counsel" for California Lutheran to request a waiver of service or to ask about employment status of Defendants Kimball or McHugh. However, at the time of the filing of the complaint, there was no "known counsel" for Defendants.

12. I have also reviewed the declaration of Norma Meza, submitted in conjunction with Defendants' Motion to Dismiss. Ms. Meza indicates that she is Executive Assistant to the Vice President, but does not say *which* Vice President. I have also reviewed various portions of California Lutheran University's website. Attached hereto as Exhibit "1" is a true and correct copy of a printout of search results from the Administration & Finance section of the job directory on California Lutheran University's website, which I last printed on March 29, 2022. A link to the website is available at: https://www.callutheran.edu/directory/people.html?s=name&q=everyone&d=64000#top Based on my review of this webpage, it is my understanding, that Ms. Meza is not just an Executive Assistant to a Vice President, but Executive Assistant to Karen Davis - California Lutheran University's registered agent for service of process. I have also reviewed a portion of California Lutheran University's website entitled "Cares Day," available at https://www.callutheran.edu/cares-day/stories.html?id=4048. Attached hereto as Exhibit "2" is a true and correct copy of a printout of this webpage, which I last retrieved on March 29, 2022. This document indicates that in addition to being employed at California Lutheran University, Ms. Meza is also a student there as well, and the community, including her supervisor, embodies a feeling of "Stronger Together."

13. I have reviewed the declarations of Ms. Meza, Ms. Davis, and Mr. Ronald Rezac, the process server whose declaration is being filed concurrently herewith. Based

upon my review of these documents, I have developed the professional opinion based upon my experience as a seasoned employment litigator that Ms. Meza is biased and is at risk of great loss of employment should she feel that California Lutheran University would retaliate against her in the event that she refuses to sign a declaration that is misleading and/or false. In direct contrast, it is my opinion that registered Ronald Rezac has been honest to a fault in that his company stood to make significantly more money if Ms. Meza actually represented during her interaction with Mr. Rezac that she was not authorized to accept service of process for the Defendants. It is my understanding that my firm was to be charged per service attempt per defendant in this case. That is why I provided the process server with the aforementioned specific instructions.

14. The reason that we were asking was that Defendants knew of the lawsuit when it was filed as they had given media interviews about its filing. See FAC, ¶ 250. As such, to avoid unnecessary expense and to otherwise not inconvenience the individual Defendants by having process servers show up at their homes in the middle of the night, I specifically instructed the process server to ask the agent for service of process at California Lutheran University if they would be willing to accept service on behalf of all Defendants. Specifically, on or about August 10, 2021, the Ventura County Star published an article generally concerning the allegations of this lawsuit, specifically concerning Plaintiff Debby Day. This article is referenced in Plaintiffs' FAC, including but not limited to paragraph 250. The article indicates that Defendants had notice of the lawsuit shortly after it was filed, as it quotes an employee from California Lutheran University purportedly saying: "On two separate occasions, the university hired two expert investigative law firms ... to review allegations that are now being raised in the complaint,"... Both firms completed thorough investigations of Title IX and student harassment allegations, respectively, and neither found any policy violations." Attached hereto as Exhibit "3" is a true and correct copy of the Ventura County Star article, which I retrieved from the internet on March 29, 2022 at the following link:

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

https://www.vcstar.com/story/news/2021/08/10/former-softball-team-coaches-file-lawsuit-against-cal-lutheran/5506073001/

15. Because I have come to verify that Ms. Meza is the executive assistant to California Lutheran University's registered agent for service of process, Karen Davis, I was not surprised to see her name on the proof of service. To be certain, Ms. Meza is an individual over the age of 18 and is otherwise in charge of the office of the agent for service of process when Ms. Davis is not physically present. At a bare minimum, Ms. Meza would qualify to accept substitute service on behalf of the agent for service of process for California Lutheran University, the purported employer of the individual Defendants, under Code of Civil Procedure § 415.20. However, because a registered process server stated in a sworn proof of service that she was authorized to accept service of process, I found that there was no need to complete the subservice requirements of Defendants.

16. I was surprised to read Ms. Meza's declaration (Dkt. 58-13) and see her statement that process server said that he could not return on another day to serve the documents. Mr. Rezac's company stood to make more money had Ms. Meza actually told Mr. Rezac, a registered process server, that she was not authorized to accept service on behalf of all Defendants, as they would need to be served at other locations for an additional fee. Additionally, I had specifically instructed the attorney service to report back if they needed alternative addresses and to advise if the agent at the University would not accept service.

17. I learned sometime after October 29, 2021 that Jim McHugh was no longer employed by California Lutheran University, though such information is conspicuously not mentioned in Defendants' Statement of Interest filed on November 2, 2021. As such, out of an abundance of caution, my office subsequently effectuated personal service of the original summons and complaint upon Mr. McHugh at an additional expense on November 9, 2021 at a different address.

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

18. In November 2021, counsel for all parties to the original complaint met and conferred regarding Defendants' desire to file a Motion to Dismiss. Thereafter, on November 18, 2021, the parties filed a stipulation as a result thereof. See Dkts. 29 and 30. Through additional meet and confer efforts between all counsel, it was agreed by stipulation that Plaintiffs would file and serve an amended complaint by a date certain, and that the parties would adhere to an anticipated briefing schedule regarding Defendants' anticipated Motion to Dismiss. See Dkt. 39 and 40.

19. Service of process upon all known Defendants was completed within 6 months of the filing of the original complaint, which is not disputed by Defendants. Moreover, Defendants concede that they were all served within eleven days of the filing of the FAC.

20. I have reviewed Defendants' Memorandum of Points and Authorities In Support of Their Motion to Dismiss (Dkt. 58-1) and note that it contains several misstatements of fact or unsupported statements regarding the FAC (Dkt. 41) including, but not limited to the following: 1) a statement that this lawsuit is about a group of "mostly white students" (See MTD, p. 1, but see FAC ¶ 74, stating that the team is "ethnically, racially, and sexually diverse"); 2) others on campus deemed the Softball Team's lipsynch routine to be "insensitive, mocking, and racially charged (See MTD, p. 1, unsupported See FAC ¶ 195 quoting article interview "until students saw that Feb. 5 email, no one on campus knew anything about an incident involving blackface."); 3) a statement that CLU did not discipline the coaches in connection with the incident and that this is not supported by the allegations (See MTD, p. 1, but see, e.g. FAC ¶ 90); 4) a statement that Plaintiffs wore "dark facial makeup that [Plaintiffs] contend resembled facial hair (MTD, p. 3, citing FAC ¶ 71-72. Not only do these paragraphs not address facial hair whatsoever (instead paragraph 71 addresses dirty blond wigs), but the FAC also does not address "dark facial makeup" in the document other than the definition of Blackface in paragraph 77, a definition of exactly what Plaintiffs allege that they did not do (FAC ¶ 77:

Jacobson, Russell, Saltz, Nassim & de la Torre, LLP
1880 Century Park East, Suite 900 Los Angeles, CA 90067
Tel.: 310.446.9900 • Fax: 310.446.9909

"'Blackface' is the actual wearing of dark facial makeup to give the appearance of a black person.").

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2022 at Los Angeles, California.

/s/ Elana R. Levine
Elana R. Levine, Esq.