UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                         Date: June 09, 2022
Title:  Debby Day et al v. California Lutheran University et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  D. Rojas  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                      Not Present

**PROCEEDINGS:    (IN CHAMBERS)  ORDER GRANTING MOTION TO COMPEL THE IDENTITY OF PLAINTIFFS JANE DOES 1-24 (Doc. 47)**

Before the Court is a Motion to Compel the Identity of Plaintiffs Jane Does 1-24 filed by Defendants California Lutheran University ("CLU"), Chris Kimball, Melissa Maxwell-Doherty, and Jim McHugh (collectively, "Defendants"). (Mot., Doc. 47; Mem., Doc. 47-1.)  Plaintiffs Debby Day, De Ann Young, Jason Gluckman, and Jane Does 1-24 opposed (collectively, "Plaintiffs"), and Defendants replied.  (Opp., Doc. 70; Reply, Doc. 74).  The Court finds this matter appropriate for decision without oral argument, and the hearing set for June 10, 2022, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); L.R. 7-15.  For the following reasons, the Court GRANTS Defendants' Motion.

I.    **BACKGROUND**

On December 31, 2021, Plaintiffs filed a First Amended Complaint ("FAC") against Defendants.  (FAC, Doc. 41.)  Named Plaintiffs are three coaches of the softball team at CLU, and the 24 Jane Doe Plaintiffs are female athletes who were members of the CLU softball team during the 2019-2020 academic year.  (*Id.* ¶¶ 1-13, 68-71.)  As to the Jane Does, Plaintiffs note that "Does 1-5 took part in the lip-sync performance at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:21-cv-01286-JLS-DFM | Date: June 09, 2022 |
| Title:  Debby Day et al v. California Lutheran University et al | |

issue in this case," (described more fully below) and "Does 6-24 did not take part in the lip-sync performance."  (*Id.* ¶¶ 11-12.)  Plaintiffs note that "JANE DOES 1-24 are filing this complaint under pseudonyms because this case is one of a sensitive nature, and Courts have recognized and allowed such cases to be brought through the use of pseudonyms under such circumstances."  (*Id.* ¶ 13.)

In their FAC, Plaintiffs allege that in January 2020, the softball team "held a team-bonding lip-sync event with makeup and costumes."  (*Id.* ¶ 4.)  Jane Does 1-5 decided to perform *The Fresh Prince of Bel-Air* theme song and "dress like 'dudes' in a 'Boy Band' with the style of Hip-Hop clothing worn by 'Boy Bands.'"  (*Id.* ¶ 68.)  They also "decided to add hats or wigs to hide their feminine hairstyles, and makeup to portray facial hair to make their faces appear more masculine."  (*Id.* ¶ 68.)  Two of the girls wore "dirty-blond 'Napoleon Dynamite' wigs."  (*Id.* ¶ 71.)  The lip-sync routines were observed by members of the softball team, as well as by Plaintiffs Coach Day, Coach Gluckman, and Coach Young.  (*Id.* ¶ 70.)  The softball team later "posted pictures and videos of said routine to their Team Instagram page."  (*Id.* ¶ 72.)

Plaintiffs allege that Defendants Chris Kimball, then the President of CLU and Melissa Maxwell-Doherty, then CLU's Vice President of Mission and Identity, "viewed said pictures and confirmed with the Softball Team, their coaches, and their parents that said Softball Team members:  a) were under the supervision of an African-American Softball coach; b) had makeup on their faces to resemble men's facial hair in the form of beard stubble and goatees; and c) were not engaged in any racially motivated activities."  (*Id.* ¶ 5.)  However, Plaintiffs note that "[d]espite such confirmation, Defendant Kimball and Doherty publicly proclaimed to the entire Ventura County community and national press that:  a) said conduct constituted 'Blackface'; b) Plaintiffs intentionally participated in and/or allowed 'comedic performances of 'blackness' by whites in exaggerated costumes and makeup'; c) CLU intended to 'call attention' to the event to the entire Ventura County community – not just the CLU community; and d) '[t]hose who are

| **CIVIL MINUTES – GENERAL** | 2 |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:21-cv-01286-JLS-DFM | Date: June 09, 2022 |
| Title:  Debby Day et al v. California Lutheran University et al | |

responsible will be held accountable.'"  (*Id*.)  Plaintiffs further allege that "Defendants Kimball and Doherty in particular, allowed the Softball Team and their Coaches to be publicly shamed and harassed, placed in fear for their safety, be the subject of unabated racial slurs by other students in violation of CLU written policy, and to otherwise suffer lifelong injury to their mental health and reputations."  (*Id.* ¶ 6.)

In the FAC, Plaintiffs detail the alleged harassment they received.  For example, Plaintiffs allege that Defendants Kimball and Doherty's February 2020 email to the campus community "inflamed racial passions and anger on the CLU campus to such a degree that the [Black Student Union] BSU organized an unauthorized campus 'walk-out,' whereat they demanded the expulsion of the entire Softball Team for being racists."  (*Id.* ¶ 106.)  Plaintiffs allege that "[t]he toxic, volatile, and substantially racially-charged environment on campus Defendants created had become so pervasive and dangerous that the members of the Softball program were made to fear for their own personal safety and well-being."  (*Id.* ¶ 111.)  Plaintiffs contend that "[t]he Thousand Oaks Police Department had been monitoring the situation and deemed the threat level against the Softball Team and their coaches was so high that it warranted the public display of a police presence at all softball practices and games for approximately two weeks."  (*Id.*)  Plaintiffs note that "CLU failed to provide any security to the Softball Team until their next home game on February 17, 2020."  (*Id.* ¶ 112.)

Plaintiffs also contend that "[a]s a direct result of the poisoned atmosphere Defendants had unnecessarily created on campus against the members of the CLU Softball program, countless numbers of students continue to attack and harass the Softball Team on social media."  (*Id.* ¶ 115.)

In February 2020, "the Softball Team filed an Internal Student Grievance Complaint against several students and Defendant Kimball with the CLU administration."  (*Id.* ¶ 123.)  The Softball Team noted that there were several violations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:21-cv-01286-JLS-DFM | Date: June 09, 2022 |
| Title:  Debby Day et al v. California Lutheran University et al | |

of the CLU Student Handbook.  (*Id.* ¶¶ 117-122.)  "CLU opened an investigation into said Internal Student Grievance Complaints approximately a month later in mid-March 2020."  (*Id.* ¶ 123.)  Plaintiffs allege that "CLU waited until late into the following fall semester to inform Plaintiffs that CLU closed said investigation finding no violations of the Handbook."  (*Id.*)

As a result of Defendants' conduct, Plaintiffs bring the following claims: (1) breach of contract based on Defendants' breach of the CLU Student Handbook; (2) slander; (3) libel; (4) false light; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) negligence; (8) violation of Title IX; (9) retaliation; (10) hostile work environment; (11) constructive termination; (12) a Private Attorney General Action; and (13) violation of Business and Professions Code § 17200.  (*Id.* ¶¶ 137-291.)

Defendants now move "for an Order compelling anonymous plaintiffs Jane Does 1-24 to identify themselves and proceed in this litigation using their real names."  (Mot. at 1, Doc. 47.)  Defendants note that "Plaintiffs affirmatively identify Jane Does 1-24 as members of the CLU Softball Team during the 2019-2020 academic year."  (Mem. at 4, Doc. 47-1.)  Defendants argue that "[t]he roster of the Softball Team during the 2019-2020 academic year is a matter of public record."  (*Id.*)  Accordingly, Defendants argue that "[t]he credibility of Plaintiffs' purported need for privacy is conclusively undermined by their own affirmative self-identification."  (*Id.*)  Defendants also argue, among other things, that "Plaintiffs limit their allegations . . . to retrospective, purported harassment by other students during 2019-2020 academic year" and that "[t]hese allegations cannot plausibly amount to fear of retaliatory harm *as a result of* identifying themselves in this lawsuit (as opposed to other past conduct)."  (*Id.* at 5.)

Plaintiffs oppose, and note that "[t]he toxic, volatile, and racially-charged environment on campus Defendants had become so dangerous that the Doe Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                              Date: June 09, 2022
Title:  Debby Day et al v. California Lutheran University et al

were made to fear for their own personal safety and well-being." (Opp. at 2, Doc. 70.) Moreover, Plaintiffs note that "the FAC alleges sufficient facts to establish that this case could easily become a lightning rod for public controversy, since the retaliation the Doe Plaintiffs already faced had not just been from students, but from the public press as well." (*Id.* at 3.) Plaintiffs further contend that "[t]here would be no prejudice to Defendants in allowing said Plaintiffs – the identity of whom is already known to Defendants – to proceed by pseudonym." (*Id.* at 1.)

## II.    LEGAL STANDARD

A party's "use of fictious names runs afoul of the public's common law right of access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Nonetheless, the Ninth Circuit has "permitted parties to proceed anonymously when special circumstances justify secrecy." *Id.*  In this circuit, courts may "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1068-69; *Roe v. Skillz, Inc.*, 858 F. App'x 240, 241 (9th Cir. 2021) ("[T]his Court has made clear that use of a pseudonym should only be permitted occasionally and in 'unusual' cases."). As "there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Skillz, Inc.*, 858 F. App'x at 241.

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                      Date: June 09, 2022
Title:  Debby Day et al v. California Lutheran University et al

anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp*, 214 F.3d at 1068).

The burden is on the party seeking anonymity to establish that the "need for anonymity outweighs" the other party's prejudice and the public's interest.  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 2008 WL 5423191, at *3 (D. Haw. Dec. 31, 2008), *aff'd sub nom. Doe ex rel. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 2009 WL 308351 (D. Haw. Feb. 6, 2009), *aff'd sub nom. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036 (9th Cir. 2010).

### III.   DISCUSSION

Defendants argue that "Plaintiffs fail to overcome the presumption of proceeding under their names."  (Mem. at 2, Doc. 47-1.)  The Court will consider Defendants' arguments in light of the five factors articulated in *Advanced Textile*.[1]

### A.   The Severity of the Threatened Harm and the Reasonableness of Plaintiffs' Fears

The first two *Advanced Textile* factors—severity of the threatened harm and the reasonableness of the plaintiffs' fears—"are intricately related and should be addressed together."  *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1043.  Under these factors, "a plaintiff must show both (1) a fear of severe harm, *and* (2) that the fear of severe harm is reasonable."  *Id.*

---

[1] Defendants argue that Plaintiffs have waived their right to "proceed anonymously" because "Plaintiffs affirmatively identify Jane Does 1-24 as members of the CLU Softball Team during the 2019-2020 academic year." (Mem. at 4, Doc. 47-1.)  However, as Plaintiffs note, the FAC "does not identify the individual members who participated in the Hell Week event, and which ones did not."  (Opp. at 9, Doc. 70.)

**CIVIL MINUTES – GENERAL**                                                                 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                          Date: June 09, 2022
Title:  Debby Day et al v. California Lutheran University et al

Plaintiffs allege that the harm they will suffer is "retaliation from the CLU student body and the press, in addition to members of the general public" as well as "threats to their safety." (Opp. at 6, Doc. 70.)  Undoubtedly, threat of physical harm "presents the paradigmatic case for allowing anonymity." *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1043.  However, evidence that a party may face social ostracization, without more, does not establish that the threatened harm is severe.  *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 2008 WL 4755674, at *4 (D. Haw. Oct. 28, 2008), *aff'd sub nom. Doe ex rel. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 2009 WL 308351 (D. Haw. Feb. 6, 2009), *aff'd sub nom. Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036 (9th Cir. 2010).  Moreover, "the threat of hostile public reaction to a lawsuit . . . will only with great rarity warrant public anonymity." *Id.* at *8.

Here, the Court concludes that even if Plaintiffs have established a fear of severe harm, Plaintiffs have not established that such fear is reasonable.  As an initial matter, the Court notes that most of the evidence cited by Plaintiffs does not establish fear of severe harm.  For example, Plaintiffs argue that they fear severe harm because they will "face retaliation from the CLU student body and the press, in addition to members of the general public." (Opp. at 6, Doc. 70.)  As evidence, Plaintiffs note that in February 2020, the "CLU student newspaper accused the Doe Plaintiffs of performing a 'racist' routine, and the Ventura County Star and the USA Today picked up the story and drew even more scorn to them." (Opp. at 8 (citing FAC ¶¶ 79-80, Doc. 41).)  Plaintiffs also note that they faced calls from other students for their expulsion and that the CLU student body staged a walkout in protest.  (*Id.* at 7.)

However, such evidence does not amount to threats of severe harm, as it at most shows that Plaintiffs fear community disapproval of their actions or social ostracization. *See Kamehameha Sch./Bernice Pauahi Bishop Est.*, 2008 WL 4755674, at *4 ("At most, Plaintiffs' evidence suggests they may be socially ostracized" and "[w]ithout more, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:21-cv-01286-JLS-DFM | Date: June 09, 2022 |
| Title: Debby Day et al v. California Lutheran University et al | |

threatened harm Plaintiffs fear is not severe[.]"); *Am.'s Frontline Drs. v. Wilcox*, 2022 WL 1514044, at *3 (C.D. Cal. Jan. 7, 2022) ("Plaintiffs allege only the desire to avoid perceived intimidation or repercussion. Whether the on-campus community would disagree with their stance is not a 'risk of retaliatory physical or mental harm.' Community disagreement which results in 'embarrassment . . . is not enough to support the use of pseudonyms.").

Plaintiffs' citation to a February 2020 media post also does not demonstrate a threat of severe harm. Plaintiffs note that in February 2020 a student senator wrote on social media, "'@regals softball @callutheran O-M-[Statute of God]. Will you acknowledge those affected. yt voices with Instagram accounts ARE NOT 'being silenced.'" (FAC ¶ 115, Doc. 41.) However, the media post cited here does not threaten violence against Plaintiffs or threaten retaliation in any other form. *See Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1044 ("[A] court may disregard a comment . . . because the context demonstrates frustration, a joke, or political commentary instead of a true intent to harm.").

Moreover, Plaintiffs argue that they face threats of severe harm because Defendants filed "an altered picture of one of the Jane Does in Defendants' Reply in Support of their Motion to Dismiss Plaintiffs' Complaint." (Opp. at 8, Doc. 70.) Plaintiffs argue that such filing "was only made to further harm and retaliate against Plaintiffs for the filing of this lawsuit." (*Id.*) The Court has reviewed the context in which the photo was referenced and finds Plaintiffs' argument without merit. From the Court's review, Defendants cited the photo to provide a counterargument to Plaintiffs' narrative of the events. (*See, e.g.*, Reply at 1, Doc. 69.) While Plaintiffs note that the photo "is not an accurate depiction of the individual in question" as it appears, among other things, to be under-pixilated, Plaintiffs have offered no evidence to support their assertion that Defendants intentionally filed the photo "to inflict more harm and public humiliation" upon Plaintiffs. (Saltz Decl. ¶ 13-14, Doc. 70-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                    Date: June 09, 2022
Title:  Debby Day et al v. California Lutheran University et al

The Court acknowledges that Plaintiffs have cited some evidence that supports an inference that Plaintiffs fear severe harm.  They assert, for example, that in February 2020 the Thousand Oaks Police Department had a presence at all softball games for approximately two weeks.  (Declaration of Michael J. Saltz ("Saltz Decl.") ¶ 6, Doc. 70-1.)  Plaintiffs also note that CLU added additional security for the softball teams home game on February 17, 2020.  (*Id.* ¶ 7.)  And Plaintiffs state that the CLU Softball Team's locker room was burglarized on February 17, 2020.  (*Id.*)

However, even if the Court were to deem that such past fear was reasonable, Plaintiffs have failed to show that ongoing fear is reasonable.  The actions that Plaintiffs cite to justify anonymity in this case took place over two years ago (with the exception of the recently filed photo in this case) with most of the actions taking place during a 1-2 month span in 2020.  And nowhere in the FAC or in the Opposition do Plaintiffs allege that any such threats have continued against the Jane Doe Plaintiffs or even against the named Plaintiffs in this case.  *Am.'s Frontline Drs*, 2022 WL 1514044, at *3 (holding that the plaintiffs could not continue to use a pseudonym especially where there was no indication that the named plaintiffs "have been subjected to any threat of harm or harassment in nearly half a year.").  While Plaintiffs note that CLU added additional security for the softball teams home game on February 17, 2020; Plaintiffs have not alleged that CLU has continued to provide additional security to the present date.

In addition, the actions that Plaintiffs complain of were made in the context of Plaintiffs' status as students at CLU.  (*See*, *e.g.*, FAC ¶ 106 ("[T]he BSU organized an unauthorized campus 'walk-out,' whereat they demanded the expulsion of the entire Softball Team for being racists"), Doc. 41.); *id.* ¶ 111 (noting that in February 2020 "the threat level against the Softball Team and their coaches was so high that it warranted the public display of a police presence at all softball practices and games for approximately two weeks").)  And there are no allegations that the Jane Doe Plaintiffs are still students

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                               Date: June 09, 2022
Title:  Debby Day et al v. California Lutheran University et al

at CLU or allegations that those who are still students have been subjected to threats or harassment.

As a result, the Court does not find Plaintiffs' fear reasonable.  Accordingly, the Court finds that these factors, on balance, militate in favor of Defendants.

**B.     The Anonymous Party's Vulnerability to Retaliation**

The third factor considers the "plaintiffs' vulnerability to retaliation." *Advanced Textile Corp.*, 214 F.3d at 1072.  Plaintiffs do not address this factor in their Opposition. But in any event, the Court finds that this factor does not weigh in favor of Plaintiffs. Plaintiffs do not allege that they are minors—a factor that would support anonymity.  *See Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1045.  Nor do Plaintiffs allege how their status as former or current students of CLU renders them vulnerable to retaliation.  Therefore, the Court finds that this factor weighs in favor of Defendants.

**C.     The Prejudice to the Opposing Party**

The fourth factor considers the prejudice to Defendants from Plaintiffs' continued anonymity in the case. *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1042. In light of the Court's ruling that Plaintiffs' fears are unreasonable, the Court finds that "plaintiffs' fears do not outweigh possible prejudice to defendants—however minimal that prejudice might be." *Id.* at 1045.

**D.     The Public's Interest**

Finally, the fifth factor considers the public interest.  The Ninth Circuit has instructed that courts "must decide whether the public's interest in the case would be best

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01286-JLS-DFM                                   Date: June 09, 2022
Title: Debby Day et al v. California Lutheran University et al

served by requiring that the litigants reveal their identities." *Advanced Textile Corp.*, 214 F.3d at 1068. ‼"The normal presumption in litigation is that parties must use their real names." *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d at 1042. The "presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." *Id.* The public, moreover, "'have a right to know who is using their courts.'" *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 2008 WL 4755674, at *7 (quoting *United States v. Stoterau*, 524 F.3d 988, 1013 (9th Cir. 2008)).

Here, the Court finds that the public's interest in open courts and the right to know who is using their courts outweighs any interest Plaintiffs have in their continued anonymity in this case. *See*, *e.g.*, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97-98 (S.D.N.Y. 2020) ("As a rule, lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties . . . . This is not a case that involves abstract challenges to public policies, but rather particular actions and incidents. Thus, open proceedings benefit the public as well as the parties and also serve the judicial interest in accurate fact-finding and fair adjudication. Indeed, it is the kind of case that further the public's interest in enforcing legal and social norms." (internal quotation marks omitted)). Given the Court's view of Plaintiffs' cited evidence, the Court finds that Plaintiffs simply have not shown that their alleged "need for anonymity" outweighs "the presumption, firmly rooted in American law, of openness in judicial proceedings." *Kamehameha Sch./Bernice Pauahi Bishop Est.*, 2008 WL 5423191, at *4 (D. Haw. Dec. 31, 2008).

### IV.    CONCLUSION

In conclusion, the Court finds that, on balance, the *Advanced Textile* factors do not weigh in favor of Plaintiffs. This action does not represent an "unusual" case where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                      Date: June 09, 2022
Title:  Debby Day et al v. California Lutheran University et al

Plaintiffs should be permitted to use a pseudonym, especially where Plaintiffs have failed to establish that their fears are reasonable.  *Skillz, Inc.*, 858 F. App'x at 241 ("[T]his Court has made clear that use of a pseudonym should only be permitted occasionally and in 'unusual' cases.").  The mere fact that this case could draw public controversy and attention from the media[2] does not justify anonymity.

      Therefore, Defendants' Motion is GRANTED.  Plaintiffs shall file a second amended complaint reflecting their given names within seven (7) days of this Order's issuance.

      Initials of Deputy Clerk:  droj

---

[2]  *See* Opp. at 3 ("the FAC alleges sufficient facts to establish that this case could easily become a lightning rod for public controversy" since "the Ventura County Star and the USA Today picked up the story") Doc. 70).