Henry A. Platt (SBN: 142304)
henry.platt@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006-3434
Tel: (202) 342-3447
Fax: (202) 337-6065

Joshua W.B. Richards, *admitted pro hac vice*
Joshua.richards@saul.com
Amy L. Piccola, *admitted pro hac vice*
amy.piccola@saul.com
SAUL EWING ARNSTEIN & LEHR LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Tel: (215) 972-7777
Fax: (215) 972-7725

*Limited appearance on behalf of Defendants California Lutheran University, Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY DAY; DE ANN YOUNG; JASON GLUCKMAN; JANE DOES 1-24,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA LUTHERAN UNIVERSITY; CHRIS KIMBALL; MELISSA MAXWELL-DOHERTY; JIM MCHUGH; KARIN GRENNAN and ROES 1 through 200, inclusive,<br><br>Defendants. | CASE NO. 8:21-cv-1286<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: July 8, 2022<br>Time: 10:30 a.m.<br>Courtroom: 8A<br><br>The Hon. Josephine L. Staton, U.S.D.J. |

Defendants California Lutheran University (the "University" or "CLU"), Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan ("Defendants"), by and through their undersigned counsel, submit this Opposition to Plaintiffs' Motion to Strike Portions of Defendants' Reply in Support of Defendants' Motion to Dismiss. (Doc. 71.)

**INTRODUCTION**

Plaintiffs filed the instant Motion to Strike in an improper attempt to strike a still-shot from the video of the lip-syncing performance that they refer to repeatedly in their First Amended Complaint. In other words, Plaintiffs are asking the Court to strike from the record the central piece of evidence in this case, which, as the Court has observed, provides context and a counterargument to Plaintiffs' narrative of the events underlying this lawsuit. *See* Order Granting Motion to Compel the Identity of Plaintiffs Jane Does 1-24 (Doc. 76 at 8.) Plaintiffs' motion rings particularly hollow in light of the fact that, when the parties met and conferred about this motion, Defendants offered to stipulate to place the entire Reply under seal and submit the entirety of the subject video to the Court to review, *in camera*, so the Court could actually visualize the extent of Plaintiffs' conduct, but counsel refused. *See* Declaration of Henry A. Platt, Esq. ¶¶ 5-6 ("Platt Decl.") submitted herewith. Their reason remains unstated, but their intent obvious.[1]

Plaintiffs' Motion to Strike lacks merit for at least two reasons. First, abundant case law and the face of the Rule itself make clear that Federal Rule of Civil Procedure 12(f) applies *only* to "pleadings." Because a reply in support of a motion is not a pleading, *see* Fed. R. Civ. P. 7(a), Rule 12(f) cannot serve as a mechanism to strike an image from Defendants' Reply Brief. Plaintiffs are free to argue that the Court should disregard the image as not fairly within the four corners of the

---

[1] Defendants continue to offer to make the video available for the Court to review, *in camera*, if it desires, in light of the very serious allegations made against Defense Counsel in Plaintiffs' motion.

- 1 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 8:21-CV-1286

Complaint (though it plainly is), but their remedy is not under Rule 12(f).

Second, Plaintiffs' Motion to Strike confusingly seeks to preclude the Court from seeing a piece of evidence Plaintiffs refer to repeatedly in their Complaint. How there could be anything improper, let alone worthy of a motion to strike, about such an image is deeply perplexing. At bottom, Plaintiffs' panicked, defensive reaction to the image appearing in the record underscores the fact that they do not want the Court to see these images at the pleading stage. Why? Presumably because like others who viewed the lip-syncing performance on social media prior to any action by Defendants, the Court will see the basic facts: members of the Softball Team colored their faces darkly, performed an exaggerated dance routine on a stage, by all appearances pretending to be Black characters from a television show, and then posted to social media a video of the performance that was reasonably perceived as racially insensitive. Plaintiffs' complaints about the quality of the image are a sideshow in light of Defendants' offer to provide the Court with the entire video, which Plaintiffs refused. This motion is a tactic to plead this case without revealing what Plaintiffs actually did, and it should be denied.

Finally, this Court's recent Order Granting Motion to Compel the Identity of Jane Does 1-24 (Doc. 76) implicitly moots Plaintiffs' motion. In discussing the still shot of the Jane Doe Plaintiff, the Court stated:

> Moreover, Plaintiffs argue that they face threats of severe harm because Defendants filed "an altered picture of one of the Jane Does in Defendants' Reply in Support of their Motion to Dismiss Plaintiffs' Complaint." (Opp. at 8, Doc. 70.) Plaintiffs argue that such filing "was only made to further harm and retaliate against Plaintiffs for the filing of this lawsuit." (*Id*.) The Court has reviewed the context in which the photo was referenced and finds Plaintiffs' argument without merit. From the Court's review, Defendants cited the photo to provide a counterargument to Plaintiffs' narrative of the events. (*See, e.g.*, Reply at 1, Doc. 69.) While Plaintiffs note that the photo "is not an

- 2 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 8:21-CV-1286

> accurate depiction of the individual in question" as it appears, among other things, to be under-pixilated, Plaintiffs have offered no evidence to support their assertion that Defendants intentionally filed the photo "to inflict more harm and public humiliation" upon Plaintiffs. (Saltz Decl. ¶ 13-14, Doc. 70-1.)

(Doc. 76 at 8.) As this Court correctly stated, the still-shot was not filed with any malice but instead was reasonably incorporated into Defendants' Reply Brief for the Court to understand the events at the heart of this litigation.

## ARGUMENT

### I. RULE 12(f) APPLIES ONLY TO PLEADINGS, AND THUS PROVIDES NO BASIS FOR STRIKING PORTIONS OF DEFENDANTS' REPLY BRIEF.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from **a pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added). A reply brief in support of a motion is not a "pleading" within the meaning of the Federal Rules. *See* Fed. R. Civ. P. 7(a) (defining "pleadings"). The Ninth Circuit and this Court have repeatedly held that Rule 12(f) applies *only* to pleadings, not motions. In *Sidney-Vinstein v. A.H. Robins Co.*, the Ninth Circuit stated as follows:

> Rule 12(f) provides that "the court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". (emphasis added.) Under the express language of the rule, only pleadings are subject to motions to strike. The appellees have cited no cases that have construed F.R.Civ.P. 12(f) as allowing a district court to strike material not contained in the pleadings of the case.

697 F.2d 880, 885 (9th Cir. 1983) (finding error in the trial court's order striking portions of a motion).

> This Court has similarly stated that "Rule 12(f) only applies to pleadings, not

- 3 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 8:21-CV-1286

motions or declarations." *Intercontinental Indus. Corp. v. Luo*, No. LACV10-04174JAKEX, 2016 WL 11757610, at *11 n.9 (C.D. Cal. Sept. 27, 2016), *aff'd sub nom. Intercontinental Indus. Corp. v. Wuhan State Owned Indus. Holdings Co.,* 726 F. App'x 619 (9th Cir. 2018) (citing *Renard v. San Diego Unified Port Dist.*, No. 06-CV-2665H, 2007 WL 2262853, at *1 (S.D. Cal. Aug. 6, 2007) ("Importantly, only pleadings are subject to a motion to strike. Improper motions, declarations, or other material not contained in pleadings cannot be stricken under Rule 12(f).")); *see also Whitehurst v. Walgreen's Co. Store*, No. CV 09-6680 AHM (RZX), 2010 WL 309025, at *1 (C.D. Cal. Jan. 25, 2010) ("Rule 12(f) on its face applies only to pleadings, and a motion to dismiss is not considered a pleading, as explained in Fed.R.Civ.P. 7(a)."); *Fed. Trade Comm'n v. Lucaslawcenter "Incorporated,"* No. SACV090770DOCANX, 2009 WL 10675780, at *2 (C.D. Cal. Sept. 22, 2009) ("The Court finds that Rule 12(f) applies only to pleadings"); *Bd. of Trustees of S. Cal. Pipe Trades Tr. Fund v. Balliet*, No. CV 91-6359 JGD, 1992 WL 472371, at *2 (C.D. Cal. Dec. 17, 1992) ("Because Rule 12(f) applies only to pleadings . . . Rule 12(f) provides no basis for striking portions of the [] motion.").

Plaintiffs cite to one out of circuit case stating that "courts *occasionally* have applied the Rule to filings other than those enumerated in Rule 7(a)," *see Pigford v. Veneman*, 215 F.R.D. 2, 4 n.1 (D.D.C. 2003) (emphasis added), but fail to discuss binding authority from *this* Circuit holding the opposite. To be clear, neither this Court, nor the Ninth Circuit, are among the courts that have "occasionally" applied Rule 12(f) outside of the pleading context. Indeed, Plaintiffs cite only one Central District case, which bore on whether portions of a pleading (a complaint) should be stricken. *See In re 2TheMart.com Inc. Securities Litigation*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (denying motion to strike portions of the complaint).

In light of the foregoing, Rule 12(f) cannot serve as a mechanism to strike any portion of Defendants' Reply Brief, so Plaintiffs' Motion to Strike should be denied from the outset.

- 4 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 8:21-CV-1286

## II. DEFENDANTS' INCLUSION OF THE STILL-SHOT OF THE VIDEO AT THE CENTER OF THIS ACTION WAS APPROPRIATE AND SHOULD NOT BE STRICKEN.

First principles are that Rule 12(f) motions "have long been 'disfavored'" and that striking portions of a pleading "is a drastic remedy" that is "rarely granted by courts." *Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1062 (C.D. Cal. 2019); *G & G Closed Cir. Events, LLC v. Martinez*, No. CV19-07815-WDK-JC, 2020 WL 5898797, at *1 (C.D. Cal. July 30, 2020). "Such motions will usually be denied unless the moving party demonstrates that 'the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Id.* (denying motion to strike defendant's affirmative defenses).

As stated plainly by the *only* Central District of California case cited in Plaintiffs' Motion to Strike, "[i]f there is *any doubt* as to whether the allegations might be an issue in the action, courts will deny the motion." *In re 2TheMart.com Inc. Sec. Litig.*, 114 F. Supp. 2d at 965 (emphasis in original) (denying motion because the portion of the complaint at issue "may be relevant" to the claims).[2]

The still-shot from the video of the lip-syncing performance is not just *relevant* to Plaintiffs' claims, it is the *focal point* of this lawsuit, and Plaintiffs are not just asking the Court to disregard it (which would itself be odd), but to *strike it* from the case. This tactic is particularly strange because Plaintiffs acknowledge that Jane Does

---

[2] Plaintiffs' reliance on *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) is misplaced. In *Magill*, the court struck language from a complaint because it "reflect[ed] adversely on the moral character of an individual who is not a party to this suit." *Id.* Here, the Jane Doe whose image appears in Defendants' Reply Brief is undisputedly a part to this suit. Finally, *Wolters Kluwer Fin. Servs. v. Scivantage*, 2007 WL 1098714, *1 (S.D.N.Y. Apr. 12, 2007) is irrelevant to the issues since it did not involve a Rule 12(f) motion at all.

- 5 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 8:21-CV-1286

1-5 colored their faces darkly, and that, whatever their intention, "when looked at in a photograph [the dark facial make-up] came across as blackface," (FAC ¶ 82), which was "perceived as racially insensitive," *id.,* and that their actions came "from a place of ignorance." *Id*. Plaintiffs *also* admit that upon viewing the very video that produced the still-image at issue, a member of the CLU community perceived the event as racially charged, and expressed concern over its racist nature to CLU administrators. (*Id*. at ¶ 73.)

Plaintiffs' unfortunate reaction to the still-shot – making recklessly false accusations of the image being *altered* by opposing counsel – can be made sense of only as an attempt to sidestep the merits. As explained in the Declaration of Henry A. Platt, Esq. (Doc. 69-1), Defendants' counsel received the video that Plaintiffs posted to the CLU Softball Team's Instagram account from their client, paused the video, took a screenshot to capture a still-image, and inserted the still-image into Defendants' Reply Brief.

Plaintiffs argue that because the individual in the video was "tall and skinny" and wearing sunglasses, a wig, and a visor, the image had to have been altered. (Doc. 72-1 at ¶ 8.) Apart from being wrong, this argument also skirts the merits, which is no doubt the point: the fact is that anyone who viewed the subject's face would conclude it was colored darkly. Tall or short, fat or thin, the face is unmistakably colored black. The intentions of the student are not what matters – the perception of the CLU community upon seeing that unmistakably black-colored face is what matters in this case. If the image is somewhat "blurry," this is a result of how *Plaintiffs* shared the video on social media, and the way that everyone in the University community saw it.[3] Plaintiffs devote so much effort to feigned outrage over the image being presented to the Court that they fail to engage with the central

---

[3] Plaintiffs also argue that the photo is problematic because it identifies one of the Jane Does, which argument is, to say the least, in significant tension with Plaintiffs' accusation that Defense Counsel have unrecognizably altered the photo.

- 6 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 8:21-CV-1286

point that the image is irrefutably relevant, properly authenticated, and squarely within the four corners of the First Amended Complaint.

Plaintiffs attached to their Motion to Strike an image of the same Jane Doe with her glasses pulled down and her face tilted downwards, such that this particular image shows her apparently un-blackened eyes and eyebrow area in close-up. This image, however, is entirely immaterial – the issue is not how Jane Doe looked earlier that day, or the day before or the day after. The issue is: how did Jane Doe present in the video the team posted to social media, referenced repeatedly in the Complaint? The image included in Defendants' Reply Brief (and the video Defendants offered to submit to the Court) show how she presented, not a different, unrelated photo of Plaintiffs' choosing.

### III. PLAINTIFFS FAIL TO REVEAL THAT DEFENDANTS OFFERED TO SUBMIT THE VIDEO OF THE LIP-SYNCING EVENT FROM THE SOFTBALL TEAM'S INSTAGRAM FOR THIS COURT'S REVIEW.

Of particular importance, Plaintiffs fail to address their resistance to this Court viewing the entirety of the video of Jane Does 1-5's lip-syncing routine in lieu of keeping the image in the public record. As noted in Defendants' Reply in Support of their Motion to Compel the Identity of Jane Does 1-24 (Doc. 74), during the parties' meet and confer on the motion, Defendants offered to submit the *subject video in its entirety* to the Court to review, but Plaintiffs' counsel refused. *See* Platt Decl. ¶¶ 5-6.

### CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike Portions of Defendants' Reply in Support of Defendants' Motion to Dismiss.

- 7 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO STRIKE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS
CASE NO. 8:21-CV-1286

Dated: June 17, 2022

**SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Henry A. Platt*
    Henry A. Platt

*Attorneys for Defendants California Lutheran University, Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan*