**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Elana R. Levine, Esq. SBN 234155
lani@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone:  (310) 446-9900
Facsimile:   (310) 446-9909

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY DAY; et al, <br><br> Plaintiffs, <br> v. <br><br> CALIFORNIA LUTHERAN UNIVERSITY; et al, <br><br> Defendants. | Case No.:  8:21-cv-1286-JLS (DFMx) <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION AND MOTION TO STRIKE PORTIONS TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br><br> Date: July 8, 2022 <br> Time: 10:30 a.m. <br> Courtroom: 8A <br><br> The Hon. Josephine L. Staton |

Case No.:  8:21-cv-1286-JLS (DFMx)
File No.:   5.440.001                                  1
PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEF

**Reply In Support of Objection and Motion to Strike**

**I.     Introduction and Relevant Facts**

In the Opposition to Plaintiffs' Motion to Strike, Defense Counsel continues to further justify the striking of scandalous material it knows to be false. Specifically, Defense Counsel misrepresents facts to the Court, stating: "[t]all or short, fat or thin, the face is ***unmistakably colored black***." See Opp. p. 6, Doc. 79. (Emphasis added.) As detailed below, this statement is in stark contrast to statements made by Defendant Chris Kimball (California Lutheran University's then President), the allegations of the First Amended Complaint, and the evidence before this Court.

There is also simply no basis for Defense Counsel's statement that "everyone in the University community saw it [the video]" as blackface. See Opp. p. 6, Doc. 79. This flies in the face of news reports memorializing that the social media postings had essentially not been viewed by the CLU Student body, and that until students saw a February 5, 2020 email, none of the student body on campus knew anything about an alleged incident involving blackface.[1] See FAC, ¶ 80, Doc. 41. Additionally, Counsel's statement directly contradicts the CLU Black Student Union's official position stated in its published letter that, but for Defendant Kimball's February 5, 2020 email, they "would have not known [of] the Blackface incident."[2] Further, Defendants are in

---

[1] "Maria Reyes, a senior at CLU who serves as a senator in the Associated Students of CLU Government and is vice president with the campus club Together We Dream, a support group for first-generation and undocumented students, **said that until students saw that Feb. 5 email, no one on campus knew anything about an incident involving blackface**." https://vcreporter.com/2020/02/clu-softball-team-accused-of-blackface-all-sides-say-admin-response-misses-the-mark/

[2] See Opp., p. 6, Doc. 79. For instance, Plaintiffs have alleged that the view count on Instagram of the subject social media posting was extremely low, and the BSU confirmed that they had previously not known about the alleged incident and had never viewed the content. FAC, Doc. 41, ¶ 81, 99. This was also confirmed in a newspaper article by the Ventura County Star which is referenced in Plaintiffs' FAC, Doc. 41, ¶ 169. The published letter can be found here:

---

Case No.: 8:21-cv-1286-JLS (DFMx)
File No.: 5.440.001                                                                      1

PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEF

possession of evidence that puts them on notice that their statement is a blatant misrepresentation to the Court.

Defendants also falsely state that "[t]he issue is: how did Jane Doe present in the video the team posted to social media…" Opp., p. 7, Doc. 79. Even if Defendants were initially mistaken about the subject performance when they *first* saw it, they thereafter received actual copies of the videos and pictures and interviewed everyone involved, all of which confirmed no one from the Softball team had darkened their faces with black makeup. To be certain, the University is not being sued because they mistakenly assumed someone's face was being darkened because of poor image quality. Rather, the University is being sued because they falsely claimed as fact that Softball Players were in blackface after they were already in possession of physical evidence and witness statements unanimously confirming the contrary. See e.g., FAC, ¶ 73-75, 126, Doc. 41.

Additionally, Defense Counsel's statements are beyond the scope of a motion to dismiss, a reply brief in support of a motion to dismiss, or an opposition to a motion to strike. This is simply an improper attempt to inject false facts under the protection of the litigation privilege to prejudice public opinion against Plaintiffs. Defendants' Reply in support of the Motion to Dismiss at page one contains a screenshot of a still from a video that Defense Counsel intentionally manipulated to fit within a word processing document. As such, by Defense Counsel's own words, the screenshot did not exist prior to Defendants' Reply – but only exists now to scandalously and falsely denigrate Plaintiffs.

Defendant Kimball's description of the images he personally observed matches exactly what Plaintiffs put forward to this Court – there is no black on anyone's face –

---

https://www.instagram.com/p/B8RYXVRAZBc/?igshid=MDJmNzVkMjY
The public at large did not actually see the image in question. It is Defense Counsel who is now attempting to manipulate this image.

Case No.:  8:21-cv-1286-JLS (DFMx)
File No.:  5.440.001

2

PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY BRIEF

it is male beard stubble[3] and it is makeup to represent facial hair just as Defendant Kimball said it was. See Doc. 70, p. 2.

Further, Defendants admit that they included for the first time a "central piece of evidence" in their Reply in their reply brief. See Opp., p. 1, Doc. 79. On this ground alone, all new matter must be stricken as a matter of law.

Despite being at all times in possession of said picture[4] and said recorded statement of their own client, Defense Counsel nonetheless proffers for the first time in their Reply brief to the Motion to Dismiss an under-pixelated screengrab of a video capture that was otherwise manipulated to fit into a word document in order to mislead this Court and the general public into believing that such is an accurate depiction of the student in question. These new unsupported attorney statements contradict statements of Defense Counsel's own clients and evidence in their possession. Therefore, by definition, the inclusion of said photo in the Reply is scandalous and subject to being stricken.

As such, Defendants' still image and all references thereto, should be stricken from the record.

## II. Argument

Federal Rule of Civil Procedure 12(f) provides that the court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous *matter*." Fed. R. Civ. P. 12(f). (Emphasis added.) Though it is recognized as an extreme measure to strike scandalous matter, Rule 12(f) has been applied in the context of reply briefs, as stated in Plaintiffs' moving papers.

In support of its Opposition, Defendants rely upon *Sidney-Vinstein v. A.H. Robin*

---

[3] See FAC, Doc. 41, ¶ 87 @ 9:14 Defendant Kimball is questioned by a parent as to what he saw in the videos and if anyone was in "Blackface." Defendant Kimball responds that **he saw a number of photographs and a video and that this was girls wearing male beard stubble."**

[4] Kimball described the picture in the recorded statement from February 2020. See FAC, ¶ 87, Doc. 41.

*Co.*, 697 F. 2d 880 (9th Cir. 1983). However, Defendants ignore *Sidney-Vinstein*'s progeny, which states that courts have inherent power to strike inappropriate materials in order to maintain the due and orderly administration of justice. *Jones v. Metro. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 113219 (N.D.Cal. 2010.)

The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); see also *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist).

Courts commonly implement this rule to strike or ignore "evidence presented for the first time in reply" in support of a motion, "and do[] not consider it for purposes of ruling on the motion." See, e.g., *Wolters Kluwer Financial Servs. v. Scivantage*, 2007 WL 1098714, *1 (S.D.N.Y. Apr. 12, 2007).

As stated above, in Opposition to Plaintiffs' Motion to Strike, Defense Counsel has set forth unsupported statements of fact in direct contradiction to the evidence and allegations in this case. This is the definition of scandalous material. Such liberties in the misrepresentation of the facts should not be tolerated.

Here, for the first time on Reply, Defendants have put forth an unauthenticated, altered photo in the body of their brief. Setting forth this photo on page 1 of the 25-page reply, the photo is an attempt to prejudice this Court and to otherwise inflame public outrage against the Plaintiffs. Plaintiffs have filed an accurate picture so that the Court can see an unadulterated image of the Plaintiff's face that is supposed to be depicted in Defendants' "screenshot" from an unknown preservation of a social media video, and so the Court can see that the subject in question is indisputably wearing just facial-hair makeup ("stubble"), sunglasses, and a visor.

Defendants' inclusion of a picture that they know to misrepresent the actual facts of what had occurred is improper and scandalous by any measure. The scandalous nature of the inclusion of such a photograph is exacerbated by the fact that it was submitted for the first time in a Reply so as to limit Plaintiffs' ability to address it. As such, Plaintiffs request that the Court address this issue now, and strike said scandalous matter from Defendants' Reply.

### III.  Conclusion

For the foregoing reasons, it is respectfully requested that the Court strike the picture contained on page one of Defendants' Reply and all references thereto.

Respectfully Submitted,

Dated: June 24, 2022                    **Jacobson, Russell, Saltz, Nassim & de la Torre, LLP**

                                         /s/ Michael J. Saltz
                                        Michael J. Saltz, Esq.
                                        Attorneys for Plaintiffs