**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBBY DAY, *et al.*, | No.   22-55825 |
| Plaintiffs-Appellees, | D.C. No. 8:21-cv-01286-JLS-DFM |
| v. | |
| CALIFORNIA LUTHERAN UNIVERSITY; *et al.*, | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted July 14, 2023
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and JACKSON,** District Judge.

In January 2020, a group of students from the California Lutheran University ("CLU") women's softball team performed a lip-sync routine to the theme song from *The Fresh Prince of Bel-Air*, allegedly wearing "hip-hop

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Brian A. Jackson, United States District Judge for the Middle District of Louisiana, sitting by designation.

clothing," dark makeup to portray facial hair, and curly wigs.  After the team posted the performance on social media, CLU's leadership received a complaint that the performance was "blackface."  In the following weeks, CLU's leadership addressed the performance in emails to the CLU students, campus-wide community forums, and a meeting with the softball team and their parents.  These communications characterized the performance as a "racist incident," remarked that "blackface" "evoke[s] white supremacy" and "anti-blackness," and expressed the view that "students were recorded doing performances in which there were exaggerated characterizations of black people and culture" and that "[m]any viewers in [the] campus community took offense and identified" the images as "blackface."  Plaintiffs sued CLU and certain officers for defamation, false light, and other state law claims arising from these assertedly false statements.

Defendants appeal the district court's order denying their motion to dismiss and special motion to strike plaintiffs' defamation and false light claims and Coach Debby Day's unfair competition law ("UCL") claim pursuant to California's Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute.  We review the district court's order denying Defendants' anti-SLAPP motion de novo.[1]

---

[1] We deny plaintiffs' motion for judicial notice, Dkt. No. 16, because they do not demonstrate any "extraordinary" circumstance to warrant supplementing the record on appeal.  *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015).

*Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).  We reverse.

       1.       The district court correctly determined that "Defendants have sufficiently made a prima facie showing that the activities at issue are protected conduct" under the anti-SLAPP statute.  *See CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1140 (9th Cir. 2022).  Protected conduct includes "conduct in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest."  Cal. Civ. Proc. Code § 425.16(e)(4).  Defendants' statements were made in connection with an incident that sparked campus-wide discussions about racism and racial justice, matters involving significant public interest.[2]

       2.       The district court erred in concluding that plaintiffs stated a legally sufficient claim for defamation under Federal Rule of Civil Procedure 12(b)(6).  *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), *amended*, 897 F.3d 1224 (9th Cir. 2018).  A claim for defamation is not actionable when it involves a privileged publication, *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007), and defendants contend that the allegedly defamatory statements are privileged under the common-interest privilege.  *See* Cal. Civ. Code § 47(c)(1) (a privileged publication is one made "[i]n a

---

[2] Defendants' statements are not prohibited under the Family Educational Rights and Privacy Act because they do not disclose any student's personally identifiable information or records.  *See* 20 U.S.C. § 1232g; 4 C.F.R. § 99.3.

communication, without malice, to a person interested therein, by one who is also interested"). The privilege applies "where the communicator and the recipient have a common interest and the communication is of a kind reasonably calculated to protect or further that interest." *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 949 (2017) (internal quotation marks omitted) (quoting *Hawran v. Hixson*, 209 Cal. App. 4th 256, 287 (2012)).

The common-interest privilege applies here because the statements by CLU's leadership were made to the campus community, who share an interest in addressing matters of racism and racial justice as it pertains to student groups and campus activities. *See, e.g.*, *Taus*, 40 Cal. 4th at 721 (holding that the common-interest privilege applied to a psychology professor's statement at a conference attended by other mental health professionals). Plaintiffs' assertion that defendants "call[ed] attention" to the performance in various news outlets does not defeat the privilege. California courts have recognized that the privilege can apply even when challenged statements are later disseminated to the news media. *See, e.g., Brewer v. Second Baptist Church of Los Angeles*, 32 Cal. 2d 791, 796–97 (1948); *Institute of Athletic Motivation v. Univ. of Illinois*, 114 Cal. App. 3d 1, 12–14 (1980). Plaintiffs' reliance on *Hawran v. Hixson* is unavailing because the allegedly defamatory press release was disseminated "to the world at large," far beyond the scope of a potentially interested "investing public." 209 Cal. App. 4th

256, 287 (2012). Here, in contrast, CLU's statements were directed not to the world at large but "mainly towards those involved" with the same "narrow private interests," the campus community. *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 738 (1989). In any event, unlike *Hawran*, plaintiffs here do not allege that any statement made to a news outlet was itself defamatory.

    3.    Plaintiffs have not plausibly alleged actual malice by any defendant sufficient to defeat the common-interest privilege, *i.e.*, that the defendants were "motivated by hatred or ill will" towards the plaintiffs or "lacked reasonable ground for belief in the truth of the publication." *Taus*, 40 Cal. 4th at 721. The district court concluded in error that some of the statements "were offered in bad faith and with some awareness that they were not truthful" because then-CLU President Chris Kimball allegedly acknowledged in a meeting with the softball team that he believed the students "did not intend to do anything racist," even as he later characterized the performance as "blackface." This acknowledgement does not establish that Kimball lacked reasonable grounds to believe in the truth of his emailed statements. Kimball also stated in that meeting that "there is a distinction between intent and impact" and others perceived the performance to be hurtful. Kimball added that in his view, the performance was "blackface" given how the group was dressed and differing definitions of the term. These statements to the team are consistent with Kimball's campus-wide email defending the use of the

term "blackface" to describe performances that involve "exaggerated characterizations of black people and culture." In short, plaintiffs have not plausibly alleged any bad faith or knowledge of the falsity of the challenged statements.

For the same reasons, plaintiffs fail to sufficiently plead their false light claims, which are based on the same allegations as their defamation claims. *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1264 (2017), *as modified* (Apr. 19, 2017).

4. A claim brought under the UCL "requires that a plaintiff have 'lost money or property' to have standing to sue." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011) (quoting *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1590 (2008)). Coach Day has not alleged any concrete economic injury arising from defendants' allegedly unfair practices. Her allegation that she "lost money" in the form of "compensation" is conclusory, and without more, insufficient to establish standing to pursue her UCL claim.

**REVERSED and REMANDED.**