UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:21-cv-01286-JLS-DFM                                   Date: January 19, 2024
Title:  Debby Day, et al. v. California Lutheran University, et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. 101)**

Before the Court is a Motion to Dismiss and Motion to Strike filed by Defendants California Lutheran University ("CLU"), Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan.  (Mot., Doc. 101; Mem., Doc. 101-1.)  Plaintiffs opposed and Defendants responded.  (Opp., Doc. 102; Reply, Doc. 108.)  Having considered the parties' briefs and held oral argument, the Court now GRANTS Defendants' Motion for the reasons stated below.

I.      **PROCEDURAL HISTORY**

Plaintiffs initiated this action on July 29, 2021, and filed their Third Amended Complaint ("TAC") on October 12, 2023.  (TAC, Doc. 100.)  Named Plaintiffs are three coaches of the softball team at CLU and the 24 female athletes who were members of the CLU softball team during the 2019–2020 academic year.  (*Id.* ¶¶ 8-12, 70.)  The Court previously recounted the detailed facts of this case in its Order, dated August 30, 2022,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                         Date: January 19, 2024
Title:  Debby Day, et al. v. California Lutheran University, et al.

which granted in part and denied in part Defendants' Motion to Dismiss the First Amended Complaint.[1]  (Previous Order at 1–6, Doc. 86.)

   Plaintiffs allege that CLU and the individual Defendants violated their rights by failing to provide the softball team with required funding and resources; by retaliating against the team's head coach, Debby Day, when she tried to complain; and by embroiling the team in an unnecessary, harassing, and racially charged student misconduct investigation.  (*See generally* TAC.)  The investigation was initiated when members of the team were accused of dressing in "Blackface" during a lip-sync performance that took place at a team-bonding event.  (Previous Order at 2.)  Plaintiffs allege that Defendants called public attention to the Blackface accusations and then mishandled several aspects of the investigation, ultimately exposing the team and its coaches to shame, harassment, and bullying from other CLU students and the broader community.  (*Id.*)  Plaintiffs also allege that Defendants did not respond adequately or timely to complaints filed by softball team members, did not provide adequate mental health support or protection for team members, and did not punish other CLU students who threatened and harassed team members.  (*Id.* at 3.)

   Plaintiffs previously brought 13 claims against Defendants for: (1) breach of contract; (2) slander; (3) libel; (4) false light; (5) intentional infliction of emotional distress ("IIED"); (6) negligent infliction of emotional distress ("NIED"); (7) negligence; (8) violation of Title IX; (9) retaliation; (10) hostile work environment; (11) constructive termination; (12) a Private Attorney General Action; and (13) a violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200.  (*Id.* at 4.)

---

[1] The Second Amended Complaint did not feature any substantive amendments.  The amended pleading was filed after the Court denied the request for the student Plaintiffs to proceed anonymously and Plaintiffs provided their names.  (*See generally* Second Amended Complaint, Doc. 78; Order Granting Motion to Compel Identity of Plaintiffs, Doc. 76.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-01286-JLS-DFM                                    Date: January 19, 2024
Title: Debby Day, et al. v. California Lutheran University, et al.

Defendants moved to dismiss, and the Court denied the motion in part and granted it in part, dismissing six claims with leave to amend. (*Id.* at 27.)

Defendants also moved to strike the complaint, pursuant to California's Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, "which permits a defendant to pursue early dismissal of meritless lawsuits arising from conduct by the defendant in furtherance of the right of petition or free speech." *Greater L.A. Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 419 (9th Cir. 2014). The Court denied Defendants' anti-SLAPP motion, reasoning that Plaintiffs should first have an opportunity to amend their pleadings. (Previous Order at 26.) The Ninth Circuit has instructed that "the denial of a motion to strike made pursuant to California's anti-SLAPP statute remains among the class of orders for which an immediate appeal is available." *DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013). Defendants appealed as to the claims on which the Court denied dismissal.

On appeal, the Ninth Circuit held that this Court had improperly denied the motion to dismiss as to Plaintiffs' claims for slander, libel, false light, and violation of the UCL. (9th Cir. Op. at 2, Doc. 96.) The panel held that Defendants' allegedly defamatory statements were protected by the common-interest privilege, necessitating dismissal of the claims for slander, libel, and false light. (*Id.* at 4–5.) The Ninth Circuit also decided that the claim brought under the UCL failed because Plaintiffs did not "allege[] any concrete economic injury arising from defendants' allegedly unfair practices." (*Id.* at 6.) This Court's decision was reversed, and the action was remanded. (*Id.*)

On remand, the Court dismissed the operative complaint, but gave leave to amend as to certain claims. (*See* Order Granting Leave to Amend, Doc. 99.) Plaintiffs filed their TAC, bringing seven claims against Defendants. (*See generally* TAC.) Defendants have now moved to dismiss five of those claims: (1) breach of contract; (2) IIED; (3)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-01286-JLS-DFM                                         Date: January 19, 2024
Title: Debby Day, et al. v. California Lutheran University, et al.

NIED; (4) negligence; and (5) violation of the UCL. Plaintiffs' two other claims—for Title IX violations and retaliation—are not the subject of Defendants' Motion.

## II.     LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:21-cv-01286-JLS-DFM                          Date: January 19, 2024
Title:  Debby Day, et al. v. California Lutheran University, et al.

## III. ANALYSIS

Defendants move to dismiss five of Plaintiffs' seven claims. The Court addresses each claim in turn and then addresses Defendants' Motion to Strike those same claims pursuant to California's anti-SLAPP statute.

### A. Breach of Contract

To state a claim for breach of contract, Plaintiffs must show: "(1) the existence of [a] contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damages to plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). As the Court explained in its previous Order, even though "the relationship between students and universities—including the terms of that relationship described in student handbooks—[is] essentially contractual," California courts "have also cautioned 'that contract law should not [necessarily] be strictly applied.'" *Karimi v. Golden Gate Sch. of L.*, 361 F. Supp. 3d 956, 974 (N.D. Cal. 2019) (quoting *Kashmiri v. Regents of Univ. of Cal.*, 156 Cal. App. 4th 809, 824 (2007)). For example, California courts "have been reluctant to apply contract law to general promises or expectations." *Id.* (quoting *Kashmiri*, 156 Cal. App. 4th at 826). Moreover, courts have also been reluctant to apply contract law to "universities' academic and disciplinary decisions." *Kashmiri*, 156 Cal. App. 4th at 824-25. This is because of the "lack of a satisfactory standard of care by which to evaluate these decisions." *Id.* at 826.

The Court further explained that "Plaintiffs have not sufficiently alleged facts to show that CLU breached any specific promises contained in the Handbook." (Previous Order at 10.) Plaintiffs alleged that CLU breached its contract by violating the Handbook provisions prohibiting harassment, but the Court noted that the allegations were not sufficient to permit the inference that Defendants' underlying conduct amounted to harassment as defined in the Handbook. (*Id.* at 11.) Plaintiffs also alleged that CLU

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                             Date: January 19, 2024
Title:  Debby Day, et al. v. California Lutheran University, et al.

breached its contract by allowing others to violate the Handbook and by failing to conduct timely investigations.  The Court observed that "Courts should tread lightly in deciding whether to apply traditional contract law to disciplinary decisions."  (*Id.* at 12.)  As a result, the Court determined that Plaintiffs had failed to allege how a "decision to not discipline another student," a choice that CLU's policies left to the university's discretion, could amount to a breach of a contract.  (*Id.* at 11–12.)

To cure these deficiencies, the TAC alleges several additional facts about the terms of CLU's Handbook (*see* TAC ¶¶ 118–30, 147–59), all of which were before the Court when it dismissed the contract claim in the Previous Order.  And, as Defendants argue, the underlying conduct that allegedly violated those Handbook provisions remains unchanged. (Mem. at 9–11.)  That is, Plaintiffs still primarily complain of allegedly harassing or bullying behavior, either by CLU itself or by other CLU students.  Plaintiffs contend that they have added further factual allegations regarding the violative conduct of CLU students and CLU's lackadaisical response.  (Opp. at 7.)  Those alleged facts, however, do not alter the Court's analysis.  Plaintiffs still rely on facts relating to CLU's disciplinary decisions and still have not shown how those decisions amount to a breach of contract.

Similarly, the TAC adds allegations that CLU breached its contract by failing to resolve student conduct cases "with fundamental fairness and in a timely, and socially just manner."  (TAC ¶¶ 120, 159.)  But the additional factual detail and quoted Handbook provisions in these paragraphs do not demonstrate that timeliness was defined with sufficient particularity to create an enforceable contract term.  As Defendants argue, "the Handbook does not make any *specific promise* as to the timeframe [in which CLU] will complete each investigation." (Mem. at 11.)  Like disciplinary decisions, the nature of a university's investigation is largely discretionary and, at least as alleged here, cannot form the basis of a claim for breach of contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:21-cv-01286-JLS-DFM | Date: January 19, 2024 |
| Title: Debby Day, et al. v. California Lutheran University, et al. | |

Even after Plaintiffs' amendments, the TAC does not state a claim for a breach of contract. Because Plaintiffs were unable to plead any additional material facts in support of this claim, amendment would be futile. The claim is DISMISSED WITH PREJUDICE.

    **B.    Intentional Infliction of Emotional Distress**

"The elements of intentional infliction of emotional distress are: '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Reynolds v. Shure*, 148 F. Supp. 3d 928, 932 (E.D. Cal. 2015) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal. 3d 579, 593 (1979)). Previously, the Court determined that Plaintiffs failed to plead facts that could establish either the first or second element. (Previous Order at 15–16.) The Court explained that "the purportedly outrageous conduct by Defendants that Plaintiffs allege is not 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" (*Id.* (quoting *Wassman v. City of Dana Point*, 2018 WL 5906346, at *6 (C.D. Cal. July 2, 2018)).) The Court also concluded that "Plaintiffs' allegations of the Softball Team's collective emotional distress lack specificity and are impermissibly overbroad." (*Id.* at 16.)

In the TAC, Plaintiffs have tried to remedy these shortcomings with added factual allegations regarding the emotional distress suffered by individual members of the softball team. (*See* TAC ¶ 175.) But even if these more particularized accounts of emotional distress were sufficient to remedy the shortcomings as to the second element, Plaintiffs still have not pleaded facts sufficient to show that Defendants engaged in "outrageous conduct." Plaintiffs rely in large part on CLU's conduct and communications in investigating the Blackface incident. (*See* Opp. at 10-11.) First, those

| | | |
|---|---|---|
| **CIVIL MINUTES – GENERAL** | | 7 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-01286-JLS-DFM    Date: January 19, 2024
Title: Debby Day, et al. v. California Lutheran University, et al.

same allegations were in the Second Amended Complaint that the Court determined failed to state a claim. (*See* SAC ¶ 214.) Moreover, the Ninth Circuit held that such conduct is covered by the common-interest privilege (*see* 9th Cir. Op. at 3–6.), and that ruling would also preclude reliance on the same conduct to support an IIED claim. *See Burke v. Basil*, 2021 WL 4168380, at *7–8 (C.D. Cal. June 21, 2021) (citing *Laffer v. Levinson, Miller, Jacobs & Phillips*, 34 Cal. App. 4th 117, 122 (1995)) (explaining that the common-interest privilege can immunize against a cause of action for IIED where the privilege covers the underlying conduct).

Plaintiffs argue that they have also added allegations that "Defendants did little to nothing to assist with or investigate threats of violence, actual assault, burglary, discrimination, harassment, hate incidents and other targeted acts made against Plaintiffs." (Opp. at 10.) But similar allegations were included in the Second Amended Complaint. (*See* SAC ¶¶ 111, 112.) Once again, the Court determines that the identified actions do not plausibly allege conduct that "exceed[s] all bounds of that usually tolerated in a civilized society." (Previous Order at 16.)

Plaintiffs were not able to plead any new material facts to support the allegation that Defendants engaged in extreme and outrageous conduct. Accordingly, granting leave to amend would be futile, and this claim is DISMISSED WITH PREJUDICE.

C.   **Negligent Infliction of Emotional Distress and Negligence**

To plead either a claim for NIED or negligence, a plaintiff must be able to identify a duty of care owed by the defendant and allege facts sufficient to show that the duty of care was breached. *See Plater v. United States*, 359 F. Supp. 3d 930, 942–43 (C.D. Cal. 2018) (stating elements of NIED); *Stasi v. Inmediata Health Group*, 501 F. Supp. 3d 898, 912 (S.D. Cal. 2020) (stating elements of negligence). The Court explained in its previous Order that, even assuming Plaintiffs could identify a duty of care owed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                              Date: January 19, 2024
Title:  Debby Day, et al. v. California Lutheran University, et al.

Defendants, the Court could not identify the alleged conduct that breached this duty. (Previous Order at 18.)  Rather, because of the lengthy complaint and Plaintiffs' failure to point to specific conduct in support of their NIED and negligence claims, the Court treated the allegation as a "shotgun pleading" and dismissed the claims.  (*Id.*)

To address this, Plaintiffs added a single paragraph in the section alleging their negligence claim.  They identify Defendants' mishandling of the investigation and the way Defendants publicized the events as examples of Defendants' breach of the duty of care.  (TAC ¶ 188.)  Plaintiffs also note the use of "collective punishment," the failure to provide mental health services, and the failure to provide adequate security.  (*Id.*)

But these added facts have done nothing to cure the deficiencies in Plaintiffs' NIED and negligence claims because now, the Court cannot identify the allegedly applicable duty of care.  In the TAC, Plaintiffs allege that "Defendants owe the Softball Players various duties of care to act as a normal and prudent university, and to otherwise not engage in conduct that they know, or with reasonable care should know, will cause their students undue harm and severe emotional distress."  (*Id.* ¶ 187.)  But in their Opposition, Plaintiffs discuss only the duty of care created by *Regents of University of California v. Superior Court*, in which the California Supreme Court explained that "as a result of the special relationship" between colleges and their students, "colleges generally owe a duty to use reasonable care to protect their students from foreseeable acts of violence in the classroom or during curricular activities."  4 Cal. 5th 607, 627 (2018).

As to the duty of care as articulated in the TAC, Plaintiffs provide no legal support for the existence of such a duty.  And the legal authority cited by Defendants indicates that no such duty exists.  *See Rogers v. Western Univ. Health Sciences*, 2017 WL 11567381, at *4 (C.D. Cal. Jan. 17, 2017) ("[N]o court has found that a university has a general duty of care to avoid emotionally harming students.").  As to the duty of care established in *Regents*, none of the identified factual allegations reflect a breach of that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:21-cv-01286-JLS-DFM | Date: January 19, 2024 |
| Title:  Debby Day, et al. v. California Lutheran University, et al. | |

duty.  That duty is an exceedingly narrow one, owed "to enrolled students who are at foreseeable risk of being harmed in a violent attack while participating in curricular activities at the school."  *Regents*, 4 Cal. 5th at 633.

The only listed conduct that could possibly implicate the duty under *Regents* is the "failure to provide adequate security" after the softball team started receiving threats.  (TAC ¶ 188.)  But even that subset of factual allegations is insufficient to permit the inference that Defendants failed to use reasonable care to protect their students from *foreseeable* acts of violence *in the classroom or during curricular activities*.  The TAC fails to identify a specific and foreseeable act of violence that Plaintiffs faced in the classroom or during curricular activities.  The only instance of an act that even suggests physical contact is when a CLU student sprayed Plaintiff Kendall Marenesi with windshield wiper fluid while she was walking on the sidewalk.  (TAC ¶ 116.)  Plaintiffs failed to allege facts showing that this particular act was foreseeable, and, significantly, spraying windshield wiper fluid is a far cry from the facts in *Regents,* where a student with known mental health issues violently stabbed another student in the classroom.  *See* 4 Cal. 5th at 617, 630 (discussing the need to protect students from extreme acts of violence like mass shootings and observing that emotional distress is not a good candidate for this kind of duty because it makes the injury less certain).  Though Plaintiffs allege that they were in fear of being harmed, the TAC fails to allege any specific, foreseeable acts of violence from which Defendants failed to protect them.

These factual allegations fail to establish that Defendants owed a duty of care to Plaintiffs or that the duty of care was breached.  Because Plaintiffs have not been able to identify any facts that would bolster these claims, amendment is futile, and the claims are DISMISSED WITH PREJUDICE.

    **D.**    **UCL Claim**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-01286-JLS-DFM                                                  Date: January 19, 2024
Title:  Debby Day, et al. v. California Lutheran University, et al.

Plaintiffs' claim under the UCL is dismissed based on the Ninth Circuit's decision in this case.  As the Ninth Circuit explained:

> A claim brought under the UCL "requires that a plaintiff have 'lost money or property' to have standing to sue." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011) (quoting *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1590 (2008)). Coach Day has not alleged any concrete economic injury arising from defendants' allegedly unfair practices. Her allegation that she "lost money" in the form of "compensation" is conclusory, and without more, insufficient to establish standing to pursue her UCL claim.

(9th Cir. Op. at 6.)  Despite this clear mandate, Plaintiffs have added no factual allegations regarding their economic injury.  Instead, the TAC features the same, barebones allegation that "Plaintiffs have lost money and/or property in the form of tuition or compensation."  (TAC ¶ 226.)  Plaintiffs' arguments that they have included sufficient additional factual allegations are not persuasive, particularly since they cite to paragraphs of the TAC that were in the complaint evaluated by the Ninth Circuit.  (Opp. at 20.)

Because Plaintiffs were not able to plead any non-conclusory facts to support the UCL claim, granting leave to amend would be futile, and this claim is DISMISSED WITH PREJUDICE.

   **E.    Defendants' Anti-SLAPP Motion**

Finally, the Court addresses Defendants' Motion to Strike these claims under the anti-SLAPP statute.  The Court previously concluded that Defendants made a *prima facie* showing that the claims for breach of contract, IIED, NIED, negligence, and UCL violations implicated protected conduct.  (Previous Order at 25.)  That means that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  8:21-cv-01286-JLS-DFM | Date: January 19, 2024 |
| Title:  Debby Day, et al. v. California Lutheran University, et al. | |

burden shifted to Plaintiffs to show that the claims are "properly stated." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).  The Court deferred a final ruling on Defendants' anti-SLAPP Motion to give Plaintiffs an opportunity to amend some of their claims.  (Previous Order at 26.)  Because the Court has now determined that these five claims are not properly stated and instead must be dismissed with prejudice, Plaintiffs have not met their burden.  Defendants' anti-SLAPP Motion is GRANTED.

### IV.    CONCLUSION

For the above reasons, the Court GRANTS Defendants' Motion to Dismiss and Motion to Strike pursuant to the anti-SLAPP statute.  The five claims identified here are DISMISSED WITH PREJUDICE.  Any motion for attorney fees pursuant to California Code of Civil Procedure section 425.16 by Defendants must be filed within **fourteen days** of the issuance of this Order.

Initials of Deputy Clerk: gga