

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBBY DAY; DE ANN YOUNG; JASON GLUCKMAN; RILEE GRAU; COURTNEY HAAPENEN; MEGAN DILLON; GENEVIEVE AVALOS; NATALIE LUNA; MARISSA ALFAIA; BRITTANY WORKMAN; NATALIE WINOKUR; OLIVIA SERRANO; SIERRA SCALI; STEPHANIE RAMIREZ; BRIELLE WORKMAN; CATHERINE SLABAUGH; LAUREN SALVATI; KENDALL MARINESI; SIERRA PEREZ; MIA ONESTO; ARIANA MENDOZA; MEGHAN HENRY; MADISON GUNN; ALEXA FINDLEY; CELESTE EKMAN; TARYN FAULL; SAMMY EDMONDS, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CALIFORNIA LUTHERAN UNIVERSITY; CHRIS KIMBALL; MELISSA MAXWELL-DOHERTY; JIM MCHUGH; KARIN GRENNAN, <br><br> Defendants-Appellants. | No.  22-55825 <br><br> D.C. No. 8:21-cv-01286-JLS-DFM <br> Central District of California, Santa Ana <br><br> ORDER |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

## I. Introduction

The court determined that defendants-appellants California Lutheran University, Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan (CLU) are entitled to attorneys' fees on appeal under California's

Strategic Lawsuit Against Public Participation (anti-SLAPP) statute, Cal. Civ. Proc. Code § 425.16(c)(1), and referred to the appellate commissioner the determination of an appropriate amount of fees. *See* 9th Cir. R. 39-1.9.

CLU requests $128,738.00 in fees for 311 hours of work by Saul Ewing LLP of Philadelphia, Pennsylvania:

| Timekeeper | Position | Admitted | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Henry A. Platt | Partner | 1989 | 98.8 | $495.00 | $ 48,906.00 |
| Joshua W. Richards | Partner | 2006 | 60.5 | $495.00 | $ 29,947.50 |
| Alexander R. Bilus | Partner | 2007 | 3.9 | $495.00 | $ 1,930.50 |
| Carolyn M. Toll | Associate | 2018 | 1.6 | $337.50[1] | $ 540.00 |
| Carolyn M. Toll | Associate | 2018 | 124.3 | $325.00 | $ 40,397.50 |
| J. Hibner-Spencer | Paralegal | N/A | 3.9 | $335.00[2] | $ 1,306.50 |
| J. Hibner-Spencer | Paralegal | N/A | 17.2 | $320.00[3] | $ 5,504.00 |
| Amit Shah | Paralegal | N/A | 0.4 | $265.00 | $ 106.00 |
| Mark Beauge | Paralegal | N/A | 0.4 | $250.00 | $ 100.00 |
| Total | | | 311.0 | | $128,738.00 |

Plaintiffs-appellees Debby Day, De Ann Young, Jason Gluckman, Rilee Grau, Courtney Haapenen, Megan Dillon, Genevieve Avalos, Natalie Luna, Marissa Alfaia, Brittany Workman, Natalie Winokur, Olivia Serrano, Sierra Scali,

---

[1] Toll's 08/23/23 rate is taken from the time records, *see* CLU Exh. A, Fee Sched., Docket Entry No. 35-3 at 11, not from the summary. *See* CLU Mem., Docket Entry No. 35-2 at 3.

[2] Hibner-Spencer's 2023 rate is taken from the time records, *see* CLU Exh. A, Fee Schedule, Docket Entry No. 35-3 at 7-11, not from the summary. *See* CLU Mem., Docket Entry No. 35-2 at 3.

[3] Hibner-Spencer's 2022 rate is taken from the time records, *see* CLU Exh. A, Fee Schedule, Docket Entry No. 35-3 at 2-6, not from the summary. *See* CLU Mem., Docket Entry No. 35-2 at 3.

Stephanie Ramirez, Brielle Workman, Catherine Slabaugh, Lauren Salvati, Kendall Marinesi, Sierra Perez, Mia Onesto, Ariana Mendoza, Meghan Henry, Madison Gunn, Alexa Findley, Celeste Ekman, Taryn Faull, and Sammy Edmonds (Day) object that the fee request should be reduced or denied entirely.

CLU is awarded 297.5 hours and $124,185.00 in fees.

## II. Discussion

### A. Richards's Affidavit

Day objects that Richards's affidavit is inadequate to support the fee request, but cites no case law in support. The objections are overruled. *See Almont Ambulatory Surgery Ctr. v. UnitedHealth Grp.*, No. CV 14-3053-MWF (AFMx), 2018 WL 11242038, at *4 (C.D. Cal. Apr. 26, 2018) ("[C]ourts routinely accept affidavits from one attorney in support of a fee request that comprises the work of other attorneys with whom the declarant works."). Ninth Circuit Rule 39-1.6(b)(3) requires CLU to submit "an affidavit or declaration attesting to the accuracy of the information" in the fee request, not a separate affidavit from each firm timekeeper.

### B. Reasonable Hourly Rates

Day objects to the requested hourly rates, but offers no evidence to show that they are unreasonable. The requested rates are reasonable, and they are awarded. *See PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (Cal. 2000) (rate is reasonable if in line with prevailing market rates).

Richards states that the requested rates are "the billing rates that the Firm charges its client . . . which represent significant discounts from [the attorneys'] regular hourly rates." CLU Exh. B, Richards Aff. ¶ 13, Docket Entry No. 35-3 at 4. Richards also states that "[i]n my opinion, and based on my familiarity with the prevailing market rates . . . these rates are reasonable billing rates charged for comparable work by other law firms and attorneys and paralegals with comparable skills, experience, and expertise." CLU Exh. B, Richards Aff. ¶ 14, Docket Entry No. 35-3 at 5.

Moreover, CLU cites 2017 and 2019 Central District of California cases awarding higher rates for comparable attorneys. *See Forouzan v. BMW of N. Am.*, No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at *4 (C.D. Cal. Jan. 11, 2019) (finding reasonable $365 to $370 per hour for fifth-year attorney and $595 per hour for 18-year attorney); *J.N. v. Hendrickson*, No. 2-14-CV-02428-DDP (PLAx), 2017 WL 3498608, at *2-3 (C.D. Cal. Aug. 15, 2017) (awarding $380 per hour to sixth-year attorney and $650 per hour for 29-year attorney).

### C. Reasonably Expended Hours

#### 1. Block Billing

Day's contention that CLU's fee request should be denied in its entirety because the attorneys and paralegals block billed some of their time entries is not supported by precedent. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th

Cir. 2000) (holding that it was an abuse of discretion to deny entirely rather than simply reduce a poorly documented fee request); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (vacating across-the-board reduction for block billing that was applied to all hours instead of only block-billed hours).

Contrary to Day's contention, CLU's attorneys' and paralegals' billing practices do not "mak[e] it impossible to evaluate [the] reasonableness" of the requested hours. *Welch*, 480 F.3d at 948. The entries Day claims are block-billed mainly describe details of single tasks, rather than lumping together multiple tasks, and they often include subtotals of the time spent. *Cf. Welch*, 480 F.3d at 945 n.2, 948 (describing block billing). Consequently, no reduction is warranted for block billing.

### 2. Duplicative Work

Day argues that the requested hours should be reduced because multiple attorneys billed for the same work, but Day does not show any work was unnecessarily duplicative. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008). ("[N]ecessary duplication . . . cannot be a legitimate basis for a fee reduction. It is only where the lawyer does *unnecessarily* duplicative work that the court may legitimately cut the hours.") (emphasis in original).

Contrary to Day's contentions, the attorneys' repeated time entries for "Work on Ninth Circuit Opening Brief," "Work on reply brief," and "Prepare for

oral argument" are sufficiently detailed. *Cf. Fischer*, 214 F.3d at 1121 (approving fee reduction where entries do not identify general subject matter). Repeated editing and review of briefs is not necessarily redundant. *See Moreno*, 534 F.3d at 1113. Multiple attorneys can reasonably prepare for oral argument. *See Dem. Party of Wash. State v. Reed*, 388 F.3d 1281, 1286-87 (9th Cir. 2004) (participation of several lawyers in argument preparation is not unnecessary duplication of effort).

Although not identified by Day, Toll's 2.2 hours ($715.00 in fees) and Richards's 1.4 hours ($693.00 in fees) for conferences also billed by Platt[4] are disallowed. *See Welch*, 480 F.3d at 949 (affirming reduction of hours for intra-office conferences between experienced lead counsel and colleague as unnecessary and duplicative); *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1080 (C.D. Cal. 2002) (billing only for most senior attorney on team conference call eliminates duplication).

### 3. Clerical Work

Day objects that the requested hours should be reduced for similar or identical time entries involving administrative tasks. Although no reduction is warranted for duplication, some reduction for billing administrative work is justified. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical

---

[4] 9/21/22, 2/28/23. *See* CLU Exh. A, Fee Sched., Docket Entry No. 35-3 at 2, 7.

or secretarial tasks should not be billed at a paralegal [or attorney] rate, regardless of who performs them.").

Paralegal Hibner-Spencer's 7 hours in 2022 ($2,240.00 in fees) for paginating and preparing cover sheets, an index, and tables for the excerpts of record, and for filing and transmitting the opening brief and excerpts, are disallowed as clerical. *See* Day App. Exh. 2, Docket Entry No. 36-2 at 8-9. In contrast, Hibner-Spencer's time for reviewing excerpt preparation rules, creating record citations, and checking legal citations,[5] as well as attorney Platt's time for procedural issues regarding filing of the brief and excerpts and further actions to be taken,[6] is allowed as largely legal in nature.

Additional time not identified by Day is also disallowed as clerical. Paralegal Beauge's 0.4 hour ($100.00 in fees)[7] and Hibner-Spencer's 0.1 hour in 2022 ($32.00 in fees)[8] for arranging a file transfer site are disallowed. Paralegal Shah's 0.4 hour ($106.00 in fees)[9] for granting access to a network folder, and Hibner-Spencer's 1.7 hours in 2023 ($569.50 in fees)[10] for retrieving, organizing,

---

[5] 12/14/22 (0.2 hour), 12/15/22 (2 hours), 12/15/22 (1.5 hours), 12/19/22 (2.5 hours), 12/20/22 (0.5 hour). *See* Day App. Exh. 2, Docket Entry No. 36-2 at 8-9.
[6] 12/19/22 (0.3 hour). *See* Day App. Exh. 2, Docket Entry No. 36-2 at 9.
[7] 11/02/22. *See* CLU Exh. A, Fee Sched., Docket Entry No. 35-3 at 4.
[8] 11/02/22. *See* CLU Exh. A, Fee Sched., Docket Entry No. 35-3 at 4.
[9] 7/7/23. *See* CLU Exh. A, Fee Sched., Docket Entry No. 35-3 at 10.
[10] 2/28/23 (0.3 hour), 3/3/23 (0.5 hour), 3/17/23 (0.4 hour), 3/20/23 (0.3 hour), 3/22/23 (0.2 hour). *See* CLU Exh. A, Fee Sched., Docket Entry No. 35-3 at 7-9.

reviewing, and circulating court filings, and preparing tables for, filing, and transmitting the reply brief, are also disallowed.

### 4. Remaining Hours

Toll's 0.3 hour ($97.50 in fees)[11] for work on admission to practice in the Ninth Circuit is disallowed as firm overhead. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("Hours that are not properly billed to one's client also are not properly billed to one's adversary.") (citation and emphasis omitted).

CLU's attorneys and paralegal reasonably spent the remaining 297.5 hours on the appeal and the hours are awarded. *See PLCM Grp.*, 997 P.2d at 518 (reasonable fee is product of reasonably expended hours times reasonable hourly rate). The attorneys and paralegal prepared an opening brief, excerpts of record, a reply brief, and further excerpts of record, along with a mediation questionnaire, a representation statement, an opposition to a motion for judicial notice, an acknowledgment of hearing notice, and a fee motion. CLU does not request fees for a reply to Day's response to the fee motion. Richards appeared at oral argument in Pasadena.

### D. Fees Summary

After the disallowances discussed above and reflected in bold type below, CLU is awarded $124,185.00 in fees:

---

[11] 9/12/22. *See* CLU Exh. A, Fee Sched., Docket Entry No. 35-3 at 2.

| Timekeeper | Position | Admitted | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Henry A. Platt | Partner | 1989 | 98.8 | $495.00 | $ 48,906.00 |
| Joshua W. Richards | Partner | 2006 | **59.1** | $495.00 | **$ 29,254.50** |
| Alexander R. Bilus | Partner | 2007 | 3.9 | $495.00 | $ 1,930.50 |
| Carolyn M. Toll | Associate | 2018 | 1.6 | $337.50 | $ 540.00 |
| Carolyn M. Toll | Associate | 2018 | **121.8** | $325.00 | **$ 39,585.00** |
| J. Hibner-Spencer | Paralegal | N/A | **2.2** | $335.00 | $ 737.00 |
| J. Hibner-Spencer | Paralegal | N/A | **10.1** | $320.00 | **$ 3,232.00** |
| Amit Shah | Paralegal | N/A | 0 | $265.00 | $ 0 |
| Mark Beauge | Paralegal | N/A | 0 | $250.00 | $ 0 |
| Total | | | **297.5** | | **$124,185.00** |

### III. Conclusion

Under California's Strategic Lawsuit Against Public Participation (anti-SLAPP) statute, Cal. Civ. Proc. Code § 425.16(c)(1), attorneys' fees on appeal in the amount of $124,185.00 are awarded in favor of defendants-appellants California Lutheran University, Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan, and against plaintiffs-appellees Debby Day, De Ann Young, Jason Gluckman, Rilee Grau, Courtney Haapenen, Megan Dillon, Genevieve Avalos, Natalie Luna, Marissa Alfaia, Brittany Workman, Natalie Winokur, Olivia Serrano, Sierra Scali, Stephanie Ramirez, Brielle Workman, Catherine Slabaugh, Lauren Salvati, Kendall Marinesi, Sierra Perez, Mia Onesto, Ariana Mendoza, Meghan Henry, Madison Gunn, Alexa Findley, Celeste Ekman, Taryn Faull, and Sammy Edmonds. *See* 9th Cir. R. 39-1.9.

This order amends the court's mandate.