Henry A. Platt (SBN: 142304)
henry.platt@saul.com
**SAUL EWING LLP**
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006-3434
Tel: (202) 342-3447
Fax: (202) 337-6065

Joshua W.B. Richards, *admitted pro hac vice*
Joshua.richards@saul.com
**SAUL EWING LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Tel: (215) 972-7777
Fax: (215) 972-7725

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBY DAY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA LUTHERAN UNIVERSITY, *et al.*,<br><br>　　　　Defendants | CASE NO. 8:21-cv-1286<br><br>**DEFENDANTS CALIFORNIA LUTHERAN UNIVERSITY, CHRIS KIMBALL, MELISSA MAXWELL-DOHERTY, JIM MCHUGH, AND KARIN GRENNAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES UNDER CAL. CIV. PROC. CODE § 425.16(c)**<br><br>Date of Motion Hearing:<br>April 5, 2024 at 10:30 a.m.<br>The Hon. Josephine L. Staton |

**INTRODUCTION**

Pursuant to California's Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, California Code of Civil Procedure § 425.16(c)(1), Defendants California Lutheran University, Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan ("Defendants") respectfully request that they be awarded their reasonable attorneys' fees as the prevailing defendants on their special motions to strike related to the First and Third Amended Complaints. Defendants request an award of attorneys' fees in the amount of $332,587.00. The requested award, supported by the Declaration of Joshua W.B. Richards, Esq. ("Richards Decl."), is reasonable because (1) the number of hours expended over the course of over two years of defending Plaintiffs' chilling lawsuit is reasonable, and (2) the hourly rate is reasonable by the law of the case. Therefore, an Order entitling Defendants to recover from Plaintiffs the sum of $332,587.00 in attorneys' fee should be granted.

**PROCEDURAL HISTORY**

Plaintiffs initiated this action over two and a half years ago, filing a thirteen-count Complaint on July 29, 2021. (Dkt. 1). Plaintiffs filed a First Amended Complaint ("FAC") on December 31, 2021 (Dkt. 41), which Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12 and strike pursuant to the anti-SLAPP statute. (Dkt. 58).[1] On August 30, 2022, this Court granted in part and denied in part Defendants' motion to dismiss and strike the FAC, dismissing six claims without prejudice. The Court denied Defendants' anti-SLAPP motion to strike

---

[1] Defendants also moved for an Order compelling the anonymous Plaintiffs to identify themselves and proceed in this litigation using their real names on January 28, 2022 (Dkt. 47), which this Court granted on June 9, 2022, requiring Plaintiffs to file a Second Amended Complaint ("SAC") reflecting their given names (Dkt. 76). Plaintiffs filed a SAC on June 15, 2022 (Dkt. 78); however, this Court entered an Order deferring the response date to the SAC until the Court ruled on the pending motion to dismiss and anti-SLAPP motion related to the FAC.

the libel, slander, and false light claims, and Coach Day's Unfair Competition Law ("UCL") claim, and deferred ruling on the anti-SLAPP motion with respect to the dismissed claims until after Plaintiffs amended their complaint. (Dkt. 86 at 25-26). Defendants appealed the Court's denial of their anti-SLAPP motion with respect to the libel, slander, false light, and Coach Day's UCL claim (Dkt. 89), and the Ninth Circuit reversed and remanded. (Dkt. 97). On remand, this Court dismissed Plaintiffs' slander, libel, and false light claims with prejudice, and granted leave to amend Coach Day's UCL claim. (Dkt. 99). Plaintiffs filed their Third Amended Complaint ("TAC") on October 12, 2023 (Dkt. 100). Defendants once again moved to dismiss and renewed their anti-SLAPP motion to strike – making this their *second* anti-SLAPP motion with respect to these claims – on October 26, 2023. (Dkt. 101). By Order dated January 19, 2024, this Court granted Defendants' motion to dismiss and strike pursuant to the anti-SLAPP statute, in its entirety. (Dkt. 110).

Defendants also moved in the Ninth Circuit for reasonable attorneys' fees expended in connection with their successful appeal of the denial of their anti-SLAPP motion. By Order dated November 22, 2023, the Ninth Circuit held that Defendants were "entitled to attorney's fees on appeal pursuant to California Code of Civil Procedure § 425.16(c)(1)," and referred the determination of the appropriate amount of fees to an Appellate Commissioner. (Dkt. 103). On January 22, 2024, the Ninth Circuit awarded Defendants $124,185.00 in fees on appeal, pursuant to Cal. Civ. Proc. Code § 425.16(c)(1). (Dkt. 111).

## ARGUMENT

### I. Defendants are Entitled to All of Their Requested Attorneys' Fees Expended in the District Court.

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike *shall* be entitled to recover that defendant's attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1) (emphasis added). The fees awarded to

the prevailing defendant are mandatory and should encompass all proceedings directly related to the defendant's special motion to strike, including those hours expensed in obtaining fees. *Mireskandari v. Daily Mail and Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2014 WL 12586434, *4 (C.D. Cal. Nov. 7, 2014).

Here, since the Court granted Defendants' anti-SLAPP motion, Defendants are indisputably the prevailing defendants for purposes of the statute and have a legal entitlement to recover their attorneys' fees from Plaintiffs in an amount totaling $332,587.00. This sum represents the total reasonable attorneys' fees expended by Defendants' legal counsel, Saul Ewing LLP, in connection with all proceedings related to its anti-SLAPP motions, and excludes fees incurred in the Ninth Circuit. *See* Spreadsheet of Attorneys' Fees Requested, Richards Decl. Exhibit A.

## II.   Defendants' Requested Fees are Reasonable.

The mandatory attorney fee provision of the anti-SLAPP statute includes those fees that the court deems reasonable. *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001). Reasonable attorneys' fees are generally calculated based on the traditional "lodestar" method, *i.e.*, "the product of reasonable hours times a reasonable rate." *City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "'strong presumption' that the lodestar represents the 'reasonable' fee." *Dague*, 505 U.S. at 562.[2] Here, the lodestar represents a reasonable and appropriate fee. That figure produces a fee award of $332,587.00, calculated using the following rates and hours:

---

[2] *See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (emphasizing the "strong presumption" that the lodestar figure represents a reasonable fee); *Ballen v. City of Redmond*, 466 F.3d 736 (9th Cir. 2006) (same).

| Timekeeper | Hours | Rate | Value |
|---|---|---|---|
| Henry A. Platt | 186.10 at | 495.0 = | $92,119.50 |
| Joshua W. Richards | 141.60 at | 495.0 = | $70,092.00 |
| Amy L. Piccola | 43.50 at | 495.0 = | $21,532.50 |
| Carolyn M. Toll | 320.00 at | 325.0 = | $104,000.00 |
| Lauren Schoeberl | 80.50 at | 325.0 = | $26,162.50 |
| Heather Kemp | 6.70 at | 325.0 = | $2,177.50 |
| Jennifer Hibner-Spencer | 21.00 at | 305-335[3] = | $6,700.50 |
| Karen Sudol | 2.70 at | 355.0 = | $958.50 |
| Lauren Caulk | 26.40 at | 335.0 = | $8,844.00 |
| | | **TOTAL FEES** | **$332,587.00** |

### A. The hours expended are reasonable.

A fee award covers hours "reasonably expended" in furtherance of the litigation, which depends on the specific circumstances of the case. *Hensley*, 461 U.S. at 431. "The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). In determining the time reasonably billed to a private client "the district court should begin with the billing records the prevailing party has submitted." *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB SHX, 2015 WL 1746484, at *5 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017).

The reasonableness of the attorney time spent on this case is thoroughly documented in contemporaneous time records, entered into the attorneys' computer billing programs and itemized for the Court in Exhibit A to the Richards Declaration. The hours worked are reasonable and reflect over two years of litigation since

---

[3] Jennifer Hibner-Spencer's rate was $305/hour in 2021, $320/hour in 2022, and $335/hour in 2023.

Plaintiffs' filed their lawsuit to chill the expression of Defendants' freedom of speech. Defendants were forced to file *two* anti-SLAPP motions – one moving to strike the FAC, and another renewed motion to strike the TAC. Both anti-SLAPP motions required extensive research, strategizing, drafting, editing, and coordination. In connection with the anti-SLAPP motions, Defendants' counsel also prepared responses to both of Plaintiffs' opposition briefs, prepared an additional response to Plaintiffs' objections to portions of Defendants' first reply brief, engaged in numerous meet and confers with Plaintiffs' attorneys, prepared for and attended two oral arguments, and prepared the present request for attorneys' fees.

The total hours expended reflects the needs created by Defendants' litigation strategy and Defendants' attorneys' best efforts to minimize costs. *See* Richards Decl. For example, counsel for Defendants attempted to delegate work to attorneys and paralegals with lower billing rates wherever feasible. Beyond their efforts to litigate efficiently, Defendants' attorneys have also exercised sound "billing judgment" and have made a variety of decisions in calculating the fees for which Defendants seeks reimbursement that serve to reduce the hours for which fees are requested. *See Hensley*, 461 U.S. at 437. Counsel for Defendants eliminated billing entries where there was ambiguity about whether the hours worked were devoted solely to the tasks for which Defendants are seeking reimbursement in this motion, including all billing entries not related solely to the district court proceedings.

The time devoted to this matter by Defendants' attorneys should be found reasonable and thus compensated in full.

### B. The hourly rates are reasonable.

It is the law of the case that the billing rates reflected above are reasonable. In its Order awarding Defendants 297.5 hours and $124,185.00 in fees on appeal, the Ninth Circuit expressly held that the above billing rates of $495 per hour for partners with relevant experience and $325 per hour for an associate's time **are reasonable**.

(Dkt. 111 at 3) ("The requested rates are reasonable, and they are awarded."). As reasoned by the Ninth Circuit:

> Richards states that the requested rates are "the billing rates that the Firm charges its client . . . which represent significant discounts from [the attorneys'] regular hourly rates." CLU Exh. B, Richards Aff. ¶ 13, Docket Entry No. 35-3 at 4. Richards also states that "[i]n my opinion, and based on my familiarity with the prevailing market rates . . . these rates are reasonable billing rates charged for comparable work by other law firms and attorneys and paralegals with comparable skills, experience, and expertise." CLU Exh. B, Richards Aff. ¶ 14, Docket Entry No. 35-3 at 5.
>
> Moreover, CLU cites 2017 and 2019 Central District of California cases awarding higher rates for comparable attorneys. *See Forouzan v. BMW of N. Am.*, No. CV 17-3875-DMG (GJSx), 2019 WL 856395, at *4 (C.D. Cal. Jan. 11, 2019) (finding reasonable $365 to $370 per hour for fifth-year attorney and $595 per hour for 18-year attorney); *J.N. v. Hendrickson*, No. 2-14-CV-02428-DDP (PLAx), 2017 WL 3498608, at *2-3 (C.D. Cal. Aug. 15, 2017) (awarding $380 per hour to sixth-year attorney and $650 per hour for 29-year attorney).

*Id*. at 3-4. As emphasized by the Ninth Circuit, the rates are below prevailing market rates for attorneys with similar qualifications, and Attorney Richards' Declaration supports the reasonableness of the awards. *See also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("The established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'"); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (stating that affidavits of attorneys seeking fees is satisfactory evidence of the prevailing reasonable market rate).

The hourly rates utilized in calculating the requested fee award in this Motion are <u>identical</u> to the rates that the Ninth Circuit squarely held were reasonable.[4]

---

[4] The rates for associates Heather Kemp and Lauren Schoeberl are <u>identical</u> to the rate the Ninth Circuit deemed reasonable, and below market rate, for a mid-level associate. Likewise, the rate for partner Amy Piccola is <u>identical</u> to the rate the Ninth

Accordingly, by law of the case, the billing rates reflected in Defendants' lodestar calculation are legally justified and reasonable.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request an award of attorneys' fees in the amount of $332,587.00 as detailed in Exhibit A to the Richards Declaration.

Dated: February 2, 2024

Respectfully submitted,

**SAUL EWING LLP**

By: */s/ Henry A. Platt*
Henry A. Platt

*Attorney for Defendants California Lutheran University, Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan*

---

Circuit deemed reasonable, and below market rate, for the partners on the case.

# CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for Defendants, certifies that this brief contains 1,724 words, which complies with the word limit of L.R. 11-6.1.

Dated: February 2, 2024

/s/ Henry A. Platt
Henry A. Platt

*Attorney for Defendants California Lutheran University, Chris Kimball, Melissa Maxwell-Doherty, Jim McHugh, and Karin Grennan*